BEDFORD BOARD OF EDUCATION, APPELLEE, *v.* CUYAHOGA COUNTY BOARD OF REVISION; FIRST INTERSTATE HAWTHORNE, LTD. PARTNERSHIP, APPELLANT. (TWO CASES.)

[Cite as *Bedford Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision,* 115 Ohio St.3d 449, 2007-Ohio-5237.]

(Nos. 2005–2311 and 2006–1686—Submitted May 22, 2007—Decided October 10, 2007.)

PFEIFER, J.

{¶ 1} The consolidated appeals before us concern the valuation of an improved parcel of land, which is one of several parcels that, together, contain a strip mall. The tax years at issue are 2002 (case No. 2005–2311) and 2003 (case No. 2006–1686), and the parcel contains a string of small stores sandwiched between two anchor stores: Levin Furniture and Sam's Club. The anchor stores are not located on the parcel at issue, though a portion of the common parking lot is on the parcel. Appellant, First Interstate Hawthorne, Ltd. Partnership ("First Interstate"), owns the parcel and asserts that appellee, the Bedford Board of Education, failed to meet its burden as the appellant in the Board of Tax Appeals ("BTA") to establish that the value set by the Cuyahoga County Board of Revision ("BOR") was not the proper value of the property. We agree. We therefore reverse the BTA decision and order that the BOR's valuation of the property be reinstated for both years.

{¶ 2} For tax year 2002, the county auditor determined the true value of the land to be $1,580,100 and the improvements, $1,419,900, for a total true value of $3,000,000 for the property. For tax year 2003, the auditor modified the land value to $1,611,700 and the improvements to $1,448,300, for a total true value of $3,060,000. The property record cards in each instance show that the auditor used both an income approach and a cost approach to arrive at his determination of value. But there is no evidence that the auditor valued the parcel together with adjoining parcels as a single tract encompassing the entire strip mall.

{¶ 3} For each year at issue, First Interstate filed a valuation complaint seeking a reduction in value, and the Bedford Board of Education filed a counter-complaint seeking retention of the auditor's determination. At the BOR hearing for the 2002 tax year, First Interstate presented a written owner's opinion of value, along with the testimony of First Interstate's vice president of asset management for the property.

{¶ 4} The owner's opinion of value consisted of an income-approach valuation with supporting documentation that was derived from business records. Based upon a five-year history of rents it had received for the parcel and its share of mall expenses, First Interstate arrived at a value by applying a capitalization rate to the projected income. Of particular importance in the analysis was a dramatic increase in the vacancy rate. Based upon its analysis in the opinion, First Interstate sought a reduction in true value from $3,000,000 to $1,000,000.

{¶ 5} By the time the complaint for the 2003 tax year was filed, the BOR had already granted a true-value reduction to $1,500,000 for the 2002 tax year. At the hearing on the 2003 complaint, First Interstate presented the same opinion of value. In its decision for the 2003 tax year, the BOR likewise reduced the true value to $1,500,000. In each instance, the board of education appealed to the BTA.

{¶ 6} At the BTA hearing regarding the 2002 tax year valuation, the board of education, as appellant, introduced the testimony of an appraisal expert, Timothy Nash. Nash did not present an appraisal and did not give his opinion of the value of the property. Nash testified that parcels that contain shopping malls are typically appraised as an "economic unit" because the "highest and best use" of each parcel is its use in conjunction with the other parcels. Nash said, "You don't want to break each individual unit out and value them separately." With respect to the parcel at issue, Nash testified, "[If] you want to know what this parcel is worth, we should be appraising the whole economic unit which is under one ownership, which is one physical property and has one parking area for everybody, an open parking area, and generally sells that way for this size shopping center." As already noted, however, Nash did not present an appraisal. On cross-examination, Nash admitted that the determination of the "highest and best use" of a parcel and whether a parcel should be evaluated with other parcels as an "economic unit" requires a review of market data, and he admitted that he had not gathered such data in connection with the parcel at issue.

{¶ 7} Based in principal part on Nash's testimony, the BTA, in the 2002 tax year determination, made a finding that because the parcel at issue was "a portion of a larger, single economic unit, a shopping complex, * * * it would be improper to value the subject parcel separate[ly] from the remaining complex." The BTA criticized the BOR for not specifying the evidence upon which it relied in reducing the value of the property, stating that although "it could be assumed that the BOR utilized the information contained in the property owner's opinion of value to some extent, it obviously did not adopt the property owner's position in its entirety. There is nothing to which we can point as the basis for [the BOR's] ultimate determination, and without an understanding of the basis for its action, we cannot rely upon its conclusions." Thus, the BTA reinstated the auditor's determination of value.

{¶ 8} For the 2003 tax year valuation, the board of education again presented Nash as a witness. In rebuttal, First Interstate presented the testimony of Paul Provencher, who described how an appraiser could value a parcel located in a shopping center when the parcel does not include the anchor stores. Provencher concluded that "it is possible to provide a real estate appraisal for the parcel" at issue. Nevertheless, the BTA reversed the BOR and reinstated the auditor's valuation for tax year 2003.

{¶ 9} In each case, one member of the BTA dissented. The dissenter focused on the burden of proof, noting that although "the subject parcel may be legitimately characterized as part of an economic unit, appellant [the board of education] has failed to show the auditor's value is any more indicative of true value than the decision of the BOR. * * * [N]either the true value of the entire

economic unit nor a breakdown of the values assigned the other related parcels (if, in fact, an allocation was undertaken) is presented."

{¶ 10} The cause is before us upon an appeal as of right. See R.C. 5717.04.

{¶ 11} In *Dayton–Montgomery Cty. Port Auth. v. Montgomery Cty. Bd. of Revision*, 113 Ohio St.3d 281, 2007-Ohio-1948, 865 N.E.2d 22 ("*Dayton*"), we were confronted with a situation similar to that presented here. In *Dayton*, the taxpayer contested the auditor's determination of value and presented evidence to the board of revision, which ordered a slight reduction in value. Id. at ¶ 2–8. The BTA found that the taxpayer's analysis was "incomplete" and that the board of revision's adjustment lacked a "credible explanation." Id. at ¶ 9. On that basis, the BTA reinstated the auditor's valuation of the property. Id. We reversed, holding that "when the evidence presented to the board of revision or the BTA contradicts the auditor's determination in whole or in part, and when no evidence has been adduced to support the auditor's valuation, the BTA may not simply revert to the auditor's determination." Id. at ¶ 27.

{¶ 12} In this case, the BTA found no stated explanation for the BOR's adjustment and reinstated the auditor's determination as the default value. As in *Dayton*, the BTA's action was not justified, because the taxpayer had presented evidence contrary to the auditor's determination to the board of revision.

{¶ 13} Moreover, the board of education's evidence before the BTA did not justify a deviation from the BOR's conclusion. As the appellant before the BTA, the board of education had the burden of proof. *Columbus City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision* (2001), 90 Ohio St.3d 564, 566, 740 N.E.2d 276. "The appellant before the BTA must present competent and probative evidence to make its case; it is not entitled to a reduction or an increase in valuation merely because no evidence is presented against its claim." Id. The only evidence the board of education presented in this case was testimony suggesting that the parcel at issue ought to be valued in conjunction with other parcels rather than individually. We find that that evidence did not amount to independent evidence of value that would undermine the BOR's determination. Even more significantly, that evidence did not support reinstating the auditor's valuation, because the auditor did not value the property in conjunction with other parcels any more than the BOR did.

{¶ 14} Before we leave the subject of the evidence before the BTA, we point out that in stating that "the highest and best use of the subject property is as a single economic unit" with other parcels, the BTA made a finding without sufficient evidentiary support as a matter of law. See *Strongsville Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision* (1997), 77 Ohio St.3d 402, 405–406, 674 N.E.2d 696, in which we held that whether two parcels should be valued as one economic unit is a factual conclusion that can be affirmed only if the BTA's findings of fact

are supported by "sufficient, probative evidence of record" and if "our analysis of the evidence and reading of the statutes and case law confirm [the BTA's] conclusion." Here, that standard for affirmance is not met; the board of education did not present appraisal evidence showing which parcels ought to be valued as a single economic unit. Instead, the board offered little more than Nash's sweeping generalization that shopping centers often are valued as an economic unit. That quantum of evidence could not and did not meet the board of education's burden of proof on this issue.

{¶ 15} We conclude that the BTA erred in reinstating the auditor's determination of value when the taxpayer had presented sufficient evidence to the BOR to justify the reduction the BOR ordered. In *Dayton*, when we determined that the BTA had erred in reinstating the auditor's determination of value, we remanded the cause for further proceedings. *Dayton*, 113 Ohio St.3d 281, 2007-Ohio-1948, 865 N.E.2d 22, ¶ 33. But in *Dayton*, the BOR's determination of value was not supported by the record. Thus, we needed to remand the cause to the BTA so that it could compute a new value based on the evidence in the record. In this case, however, we do not need to remand the cause to the BTA, because the BOR's determination comports with the evidence in the record.

Judgment accordingly.

LUNDBERG STRATTON, O'CONNOR, and O'DONNELL, JJ., concur.

MOYER, C.J., and LANZINGER and CUPP, JJ., dissent.

--------

**MOYER, C.J., dissenting.**

{¶ 16} I dissent from the majority's conclusions regarding the Cuyahoga County Board of Revision's decision and from its disposition of the appeal. The majority analogizes these combined cases to *Dayton–Montgomery Cty. Port Auth. v. Montgomery Cty. Bd. of Revision*, 113 Ohio St.3d 281, 2007-Ohio-1948, 865 N.E.2d 22, but there is a crucial difference. In *Dayton*, we concluded that "the cost evidence before the [Board of Tax Appeals] sufficed to establish a prima facie basis for determining value with respect to both [of the Board of Tax Appeals'] points of concern." Id. at ¶ 18. We expressly distinguished *Simmons v. Cuyahoga Cty. Bd. of Revision* (1998), 81 Ohio St.3d 47, 689 N.E.2d 22, from *Dayton* by noting that *Dayton* itself was not a case "in which 'there is no evidence from which the [Board of Tax Appeals] can independently determine value.'" *Dayton* at ¶ 15–16, quoting *Simmons* at 49, 689 N.E.2d 22. Thus, the presence of prima facie evidence supporting the property owner's valuation of the property in *Dayton* led us to conclude that "it became the burden of the county

or the school board to rebut the sufficiency of the [property owner's] evidence as to both points." *Dayton* at ¶ 20.

{¶ 17} By contrast, the only possible basis for the board of revision's modification of the auditor's valuation in the present case is the opinion of value the owner presented at the board of revision hearing. The Board of Tax Appeals noted that it had been critical of such opinions in the past " 'when they are presented solely by persons representing property owners without any identification of the author thereof or underlying substantiation.' " [1] The Board of Tax Appeals found that in the present case, although "the author(s) of the subject owner's opinion of value was identified at the [board of revision] hearing, the author was not present to testify or be cross examined concerning the basis for the conclusions made within the report or to provide insight into the opinion's preparation, including the underlying support for the positions expressed."

{¶ 18} This deficiency in the evidence the owner presented to the board of revision justifies the Board of Tax Appeals' reversion to the auditor's determination of value. In this case, unlike in *Dayton*, there was no evidence before the Board of Tax Appeals that permitted an independent determination of value.

{¶ 19} The remaining obstacle to reverting to the auditor's valuation lies in the Board of Tax Appeals' finding that "it would be improper to value the subject parcel separate from the remaining complex" inasmuch as "the highest and best use of the subject property is as a single economic unit" with other parcels. The dissenting member of the Board of Tax Appeals pointed out that the board of education "has failed to show the auditor's value is anymore [sic] indicative of true value than the decision of the [board of revision]" in this regard. But, as the majority states, citing *Strongsville Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision* (1997), 77 Ohio St.3d 402, 405–406, 674 N.E.2d 696, the determination whether parcels should be valued as a single economic unit is a factual conclusion, and I concur with the majority that the evidence simply did not support this determination by the Board of Tax Appeals. The Board of Tax Appeals also failed to identify which other parcels should be considered with the parcel at issue in this case. Nor did the Board of Tax Appeals explain how all the parcels could be valued together when the Board of Tax Appeals itself could exercise jurisdiction over only the parcel at issue before it.

{¶ 20} Thus, while I concur in the majority's decision to reject the Board of Tax Appeals' "single economic unit" finding, I respectfully dissent from the

---

1. *Bedford Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision* (Nov. 10, 2005), BTA Nos. 2004–A–287 and 2004–A–288, quoting *Olentangy Bd. of Edn. v. Delaware Cty. Bd. of Revision* (Dec. 18, 1998), BTA No. 1997–M–848.

majority's reversal of the Board of Tax Appeals' decision and would affirm the Board of Tax Appeals' decision to reinstate the auditor's valuation.

LANZINGER and CUPP, JJ., concur in the foregoing opinion.

---

Kolick & Kondzer and Thomas A. Kondzer; and John P. Desimone, for appellee.

Sleggs, Danzinger & Gill Co., L.P.A., and Todd W. Sleggs, for appellant.