RHODES, AUD., APPELLEE, *v.* HAMILTON COUNTY BOARD OF REVISION ET AL., APPELLEES; MA RICHTER VILLA LTD. ET AL., APPELLANTS.

[Cite as *Rhodes v. Hamilton Cty. Bd. of Revision,* 117 Ohio St.3d 532, 2008-Ohio-1595.]

(No. 2007–0615—Submitted February 5, 2008—Decided April 9, 2008.)

O'DONNELL, J.

{¶ 1} MA Richter Villa Ltd. and Vigran Brothers Villa Ltd. (collectively, "MA Richter") appeal from a decision of the Board of Tax Appeals ("BTA") that reversed the Hamilton County Board of Revision's decision to reduce the value of property owned by MA Richter for purposes of real estate taxation for the 2004 tax year pursuant to R.C. 5713.03. The issue before this court concerns whether the BTA reasonably and lawfully determined that the true value of this property is $4,375,000, the amount MA Richter paid for it in April 2003, or whether the value of that property should be reduced on the basis of other appraisal methods. In conformity with our decision in *Berea City School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision,* 106 Ohio St.3d 269, 2005-Ohio-4979, 834 N.E.2d 782, we conclude that the recent, arm's-length sale between a willing buyer and a willing seller establishes the true value of the property in accordance with R.C. 5713.03, and thus we affirm the decision of the BTA.

{¶ 2} In April 2003, MA Richter paid $4,375,000 for a 14,649–square–foot building, which is leased to Walgreens for the operation of a drugstore pursuant to a long-term lease. The county auditor utilized this purchase price as the true value of the property for the 2004 tax year. MA Richter filed a complaint with the Hamilton County Board of Revision ("BOR") seeking a reduction in the tax value of that property on the basis of an appraisal that considered the value of the long-term lease as an indicator of market value. The BOR agreed and reduced the value of the property to $1,950,000. The county auditor appealed that decision to the BTA, which reversed the reduction and found that the sale price reflected the property's true value as of January 1, 2004, pursuant to our

holding in *Berea,* 106 Ohio St.3d 269, 2005-Ohio-4979, 834 N.E.2d 782. MA Richter has now appealed to this court, contending that *Berea* does not apply to the facts and circumstances presented here.

{¶ 3} MA Richter advances three principal arguments in support of reversal. First, MA Richter generally contends that *Berea* does not apply here because the property in this case is encumbered by a long-term lease to Walgreens. That position is not well taken. In *Berea,* where long-term leases also encumbered the property, we held that "when the property has been the subject of a recent arm's-length sale between a willing seller and a willing buyer, the sale price of the property shall be 'the true value for taxation purposes.'" Id., 106 Ohio St.3d 269, 2005-Ohio-4979, 834 N.E.2d 782, ¶ 13, quoting R.C. 5713.03. Although *Berea* involved an encumbrance of a lease for "below market" rent and this case involves "above market" rent, this is a distinction without legal significance. Just as the recent, arm's-length sale price in *Berea* constituted the true value of the property, despite the existence of the long-term leases, the sale price here also reflects the true value of the property.

{¶ 4} Second, MA Richter argues that the sale price does not reflect the value of the "fee simple," because the law requires a fee interest to be valued as though the lease did not exist. In *Berea,* however, the existence of the long-term leases did not prevent the use of the sale price to determine the property's value. Moreover, we recently rejected this argument in *Cummins Property Servs., L.L.C. v. Franklin Cty. Bd. of Revision,* 117 Ohio St.3d 516, 2008-Ohio-1473, 885 N.E.2d 222. There, the school board argued that because the deed restricted the use of the subject property, the sale price did not accurately reflect the value of the entire "fee simple." We held that the existence of the encumbrance did not prevent the recent, arm's-length sale price from constituting the true value of the property for tax purposes. Thus, we decline to adjust the sale price paid by MA Richter on the basis of the long-term lease held by Walgreens.

{¶ 5} Finally, MA Richter contends that the sale price does not establish the value of the real property because it reflects not only the value of the underlying realty, but also the value of the Walgreens business. In *St. Bernard Self–Storage, L.L.C. v. Hamilton Cty. Bd. of Revision,* 115 Ohio St.3d 365, 2007-Ohio-5249, 875 N.E.2d 85, ¶ 14, after the owner claimed that almost half of the recent sale price of the property was attributable to goodwill, we held that an owner's allocation of sale price to an intangible business asset as opposed to the underlying real property imposed a burden on the owner to prove the propriety of the allocation. In the present case, MA Richter offered the testimony and appraisal of its expert, Robin Lorms, who expressed the view that the rent charged under the Walgreens lease exceeded "market rent." Although the record does not contain a copy of the lease, Lorms's appraisal stated that the rent

is $26 per square foot but that market rent for the property was only $10 per square foot. In Lorms's opinion, the sale price reflected the high rent and the creditworthiness of Walgreens as a long-term tenant—sources of value that Lorms opined should not constitute part of the value of the fee simple.

{¶ 6} Lorms's testimony, however, does not establish the existence of a separate "business value" component of the sale price. Quite simply, the record demonstrates that in April 2003, MA Richter paid $4,375,000 for a fee simple interest in the property. Thus, it acquired all component rights of that interest, including the rights of the lessor and the right to collect payments from Walgreens under the long-term lease. Although the lessee's business may affect the value of the fee simple interest, MA Richter did not purchase any interest in the lessee's business.

{¶ 7} In support of its "business value" argument, MA Richter cites *Higbee Co. v. Cuyahoga Cty. Bd. of Revision,* 107 Ohio St.3d 325, 2006-Ohio-2, 839 N.E.2d 385, in which a department store offered an appraisal that calculated "external obsolescence" of its property based on the store's sales experience. We rejected reliance on the store's actual sales experience because that calculation reflected "non-real-estate factors, such as management and advertising," id. at ¶ 42, thereby shifting the focus to the actual business currently conducted on the site and away from the relevant determination of "what a willing buyer would pay a willing seller" for the subject property. Id. at ¶ 43–44.

{¶ 8} *Higbee,* however, is inapposite. Unlike the property owner in that case, MA Richter does not operate the drugstore business conducted on the property and does not seek to utilize the sales experience of the drugstore to establish the value of the property. In stark contrast, this case involves the actual price MA Richter paid to own the property and to receive the rent that Walgreens pays pursuant to the lease.

{¶ 9} MA Richter's remaining arguments are likewise without merit. We reject the suggestion that using the sale price to determine value constitutes a determination of value-in-use of the property as opposed to exchange value. By definition, the sale of the property to MA Richter for consideration was an "exchange," and the sale price constituted an "exchange value" of the property. We also reject the assertion that the sale price exceeds the value of the property to the extent that it surpasses what the buyer would have to pay in order to construct functionally similar improvements elsewhere. The "principle of substitution" that MA Richter relies on may be useful for purposes of appraisal but has no application when a recent arm's-length sale price between a willing buyer and seller demonstrates the true value of the property.

{¶ 10} Finally, we reject MA Richter's contention that the type of financial arrangement Walgreens entered into with the developer of the property (a long-

term lease in lieu of a mortgage) removes this case from the realm of *Berea*. There is nothing in the record before us from which to conclude that both Walgreens and its developer were not typically motivated market participants that sought to pursue their own financial interests.

{¶ 11} We reiterate our holding in *Berea* that, as provided for by the legislature in R.C. 5713.03, the true value of property for taxation purposes "shall be" the price a willing buyer paid a willing seller in a recent, arm's-length transaction, regardless of other appraisal evidence or methods. 106 Ohio St.3d 269, 2005-Ohio-4979, 834 N.E.2d 782, ¶ 13. Therefore, pursuant to R.C. 5713.03 and our decision in *Berea*, we conclude that the decision of the BTA, which determined that the April 2003 sale price reflected the true value of MA Richter's property for the 2004 tax year, is reasonable and lawful and supported by the evidence.

Decision affirmed.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, LANZINGER, and CUPP, JJ., concur.

PFEIFER, J., concurs in judgment only.

---

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Thomas J. Scheve, Assistant Prosecuting Attorney, for appellee Hamilton County Auditor.

Schroeder, Maundrell, Barbiere & Powers and John W. Hust, for appellee Princeton City School District Board of Education.

Siegel, Siegel, Johnson & Jennings Co., L.P.A., Nicholas M.J. Ray, Jay P. Siegel, and Fred Siegel, for appellants MA Richter Villa Ltd. and Vigran Brothers Villa Ltd.

Strauss & Troy, Franklin A. Klaine Jr., and Nicole M. Lundrigan, urging affirmance for amicus curiae Sycamore Community School District Board of Education.

David C. DiMuzio, Inc., and David C. DiMuzio, urging affirmance for amicus curiae Cincinnati School District Board of Education.