[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Dublin City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision,* Slip Opinion No. 2016-Ohio-3025.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-3025

DUBLIN CITY SCHOOLS BOARD OF EDUCATION, APPELLANT, *v*. FRANKLIN

COUNTY BOARD OF REVISION ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it

may be cited as *Dublin City Schools Bd. of Edn. v. Franklin Cty. Bd. of*

*Revision,* Slip Opinion No. 2016-Ohio-3025.]

*Taxation—Real-property valuation—Board of Tax Appeals did not err in*

*adopting owner's evidence of value rather than reinstating auditor's*

*valuation after board of revision rejected that valuation based on*

*competent evidence.*

(No. 2014-0881—Submitted January 26, 2016—Decided May 18, 2016.)

APPEAL from the Board of Tax Appeals, No. 2012-1136.

————————————

**Per Curiam.**

**{¶ 1}** This real-property-valuation case concerns the proper valuation for tax year 2010 of a two-story office building in Franklin County. The auditor valued the property at $2,205,000, and the owner sought a value of $1,000,000

based on an appraisal it presented to the Franklin County Board of Revision ("BOR"). The BOR adopted the lower value, and appellant, the Dublin City Schools Board of Education ("BOE"), appealed to the Board of Tax Appeals ("BTA"), which affirmed the BOR's valuation.

{¶ 2} On appeal to this court, the BOE contends that the appraisal did not constitute probative evidence of value, with the result that the BTA should not have relied on it and should instead have reverted to the auditor's original valuation. We disagree on account of the well-settled *Bedford* rule. *See Bedford Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 115 Ohio St.3d 449, 2007-Ohio-5237, 875 N.E.2d 913. We therefore affirm the decision of the BTA.

### FACTUAL BACKGROUND

{¶ 3} This case addresses the tax-year-2010 valuation of a two-story office building with a bank branch in one-half of the lower floor. The auditor valued the property at $2,205,000, and the property owner, appellee Union Savings Bank, filed a complaint seeking a reduction to $1,500,000. At the BOR hearing on March 1, 2012, the bank presented the appraisal report and testimony of Antoinette J. Ebert, a state-certified general appraiser, who reconciled her sales-comparison and income approaches to opine a value of $1,000,000 for 2010. The BOE extensively cross-examined the appraiser. The BOR adopted the value for 2010 and carried it over to 2011. The BOE appealed.

{¶ 4} At the BTA, the BOE argued that flaws in the appraisal made it not probative and that the BTA therefore should revert to the auditor's original valuation of the property. No new evidence was presented. The BOE also contended that the BOR was wrong to extend the reduced valuation to tax year 2011, since 2011 was a reappraisal year outside the triennium.

{¶ 5} The BTA affirmed the BOR's determination as of tax year 2010 but vacated it for tax year 2011 on the grounds that carryforward did not apply to a

reappraisal year. BTA No. 2012-1136, 2014 WL 2708190, *2 (May 1, 2014). The latter action by the BTA is not at issue in this appeal.

## THE BOE MAY NOT RELY ON THE AUDITOR'S VALUE AS A DEFAULT VALUE WHEN THE OWNER'S EVIDENCE BEFORE THE BOR NEGATES THAT VALUE

**{¶ 6}** This case presents a straightforward application of what we have called "the *Bedford* rule," based on *Bedford Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 115 Ohio St.3d 449, 2007-Ohio-5237, 875 N.E.2d 913. Pursuant to that rule, "when the board of revision has reduced the value of the property based on the owner's evidence, that value has been held to eclipse the auditor's original valuation," and the board of education as the appellant before the BTA may not rely on the latter as a default valuation. *Worthington City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 140 Ohio St.3d 248, 2014-Ohio-3620, 17 N.E.3d 537, ¶ 35 ("*Northpointe*," after the property owner). Instead, "the BOR's adopting a new value based on" the owner's evidence has the effect of " 'shift[ing] the burden of going forward with evidence to the board of education on appeal to the BTA.' " *Id.* at ¶ 41, quoting *Dublin City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 139 Ohio St.3d 193, 2013-Ohio-4543, 11 N.E.3d 206, ¶ 16 ("*East Bank*," after the property owner).[1]

**{¶ 7}** That is precisely what occurred here: the owner presented an appraisal to the BOR that the BOR adopted, and the BOE appealed to the BTA. Under the *Bedford* rule as explained in *Northpointe*, as long as the evidence of value that the owner presented to the board of revision was competent and at least minimally plausible, the board of education may not invoke the auditor's original valuation as a default—with the result that it is not enough for the board of education at the BTA to find fault with the evidence that the owner presented before the board of revision. In other words, for the board of education, the board

---

[1] *East Bank* was reconsidered, 139 Ohio St.3d 212, 2014-Ohio-1940, 11 N.E.3d 222, but the analysis regarding the burden was undisturbed upon reconsideration, ¶ 10.

of revision's reduced valuation is the new default valuation of the property, and the burden lies on the board of education to prove a new value (be that the auditor's valuation or some other value).

{¶ 8} Although the precise boundaries of the *Bedford* rule are still to be established, this case lies comfortably within the area already defined by the case law. We will explain how that is so, taking the *Bedford* rule element by element.

{¶ 9} First, the *Bedford* rule applies in a case in which the property owner either filed the original complaint, as here, or filed a countercomplaint. *See Bedford*, 115 Ohio St.3d 449, 2007-Ohio-5237, 875 N.E.3d 913, at ¶ 3. Second, the *Bedford* rule applies when the board of revision has ordered a reduced valuation based on competent evidence offered by the property owner. *See id.* at ¶ 5. Third, the *Bedford* rule applies when the board of education is the appellant before the BTA, *see id.*; it does not apply when, for example, the appellant is the county auditor, who might appeal if he or she dissents from a reduction ordered by his or her colleagues on the board of revision. *See Rhodes v. Hamilton Cty. Bd. of Revision*, 117 Ohio St.3d 532, 2008-Ohio-1595, 885 N.E.2d 236, ¶ 2 (county auditor, disagreeing with the other two members of the board of revision, appealed a reduced valuation to the BTA).

{¶ 10} When the auditor is the appellant before the BTA, that official may rely on the more general rule that the initial valuation should constitute a default valuation, the validity of which does not need to be demonstrated if the basis for the reduction is challenged. *See Colonial Village, Ltd. v. Washington Cty. Bd. of Revision*, 123 Ohio St.3d 268, 2009-Ohio-4975, 915 N.E.2d 1196, ¶ 30, citing *W. Industries, Inc. v. Hamilton Cty. Bd. of Revision*, 170 Ohio St. 340, 342, 164 N.E.2d 741 (1960). When the board of education is the appellant before the BTA, the *Bedford* rule removes this option. Instead, the board of education must adduce affirmative evidence against the board of revision's reduced valuation and in favor of the original valuation or some other value.

**{¶ 11}** The fourth and final element of the *Bedford* rule is that the board of revision's determination of value is based on appraisal evidence rather than a sale price offered as the property value. When the central issue is whether a sale price of the subject property establishes its value, the factors attending that issue must usually be determined de novo by the BTA, and the *Bedford* rule does not apply. *See Columbus Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 76 Ohio St.3d 13, 15-16, 665 N.E.2d 1098 (1996); *Worthington City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 124 Ohio St.3d 27, 2009-Ohio-5932, 918 N.E.2d 972, ¶ 28; *Olentangy Local Schools Bd. of Edn. v. Delaware Cty. Bd. of Revision*, 125 Ohio St.3d 103, 2010-Ohio-1040, 926 N.E.2d 302, ¶ 14.

**{¶ 12}** In light of the plain applicability of the *Bedford* rule, the BOE's propositions of law here must be rejected out of hand.

**{¶ 13}** In its first proposition of law, the BOE claims that the BTA may not ever adopt a value for real property without probative evidence in the record supporting its determination. The BOE's proposition fails to account for all those cases in which the apparent absence of probative evidence may cause the BTA to rely upon a default valuation. In other words, pointing to the desirability of determining value based on probative evidence in the record *begs the question of how to proceed when such evidence is deemed to be lacking*.

**{¶ 14}** Quite simply, the position taken by the BOE in this appeal proves that its first proposition of law is untenable. Namely, the BOE contends that the BTA ought to have reverted to the auditor's valuation, even though the evidence supporting that value is not in the record. Thus, the BOE itself advocates adopting a value for which it can point to no probative evidence, thereby negating its own proposition of law.

**{¶ 15}** The way around this obstacle lies in recognizing that the ultimate issue here is not which evidence is more probative but rather, which value—the auditor's or the BOR's—serves as the default value when the board of education

is the appellant. The *Bedford* rule answers that question unfavorably to the BOE's position. That does not mean, of course, that the board of education is powerless as an appellant; it means only that the board of education must controvert the board of revision's valuation with evidence of its own.

{¶ 16} The foregoing discussion shows that the BOE's fifth proposition of law—demanding that the BTA revert to the auditor's valuation—is also wrong. Moreover, the BOE's fourth proposition of law, addressing the burden of proof, is mistaken: because the BOR ordered a reduction based on competent evidence, the BOE did in fact acquire the burden of proof at the BTA to show a value different from that determined by the BOR.

{¶ 17} As for its second and third propositions of law, the BOE renews a line of attack familiar from, and rejected by, our recent decisions. Namely, the BOE contends that the BTA needed to engage in more explicit analysis of the appraisal presented to the BOR and state more explicit reasons for accepting it as the property value. We recently rejected similar arguments in *Sears, Roebuck & Co. v. Franklin Cty. Bd. of Revision*, 144 Ohio St.3d 421, 2015-Ohio-4522, 44 N.E.3d 274, ¶ 16, 18-19, 21, and *Columbus City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 144 Ohio St.3d 324, 2015-Ohio-3633, 43 N.E.3d 387, ¶ 23, and we reject them here as well.

{¶ 18} Finally, it is worth pointing out the extent to which the BOE's appeal seeks to have us redetermine the property value as a factual matter. The BOE asserts that the appraiser's sale and rental comparables "are not even remotely comparable," even though they are office buildings within the geographic area of the subject. The BOE also finds it significant that one-quarter of the subject is a bank and none of the sale comparables is a bank. In addition, the BOE points to differences between the comparables and the subject and characterizes the appraiser's adjustments as "only nominal." And the BOE faults the appraisal for verifying the arm's-length character of the sales through

6

LoopNet, a listing service, and county records rather than through contact with parties to the sale.

**{¶ 19}** These observations constitute matters that are among those consigned to the expertise of the appraiser and to the board of revision and the BTA as fact-finders. This appeal seeks to cast us in the role of " 'super BTA,' " but as we have done in the past, we decline that role now. *RNG Properties, Ltd. v. Summit Cty. Bd. of Revision*, 140 Ohio St.3d 455, 2014-Ohio-4036, 19 N.E.3d 906, ¶ 18, quoting *EOP-BP Tower, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 106 Ohio St.3d 1, 2005-Ohio-3096, 829 N.E.2d 686, ¶ 17.

### CONCLUSION

**{¶ 20}** For the foregoing reasons, we affirm the decision of the BTA.

Decision affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Rich & Gillis Law Group, L.L.C., and Mark H. Gillis, for appellant.

Stagnaro, Saba & Patterson Co., L.P.A., and Paul T. Saba, for appellee Union Savings Bank.

_____