[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *South-Western City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision,* Slip Opinion No. 2018-Ohio-918.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-918

SOUTH-WESTERN CITY SCHOOLS BOARD OF EDUCATION, APPELLANT, *v.*

FRANKLIN COUNTY BOARD OF REVISION ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *South-Western City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision,* Slip Opinion No. 2018-Ohio-918.]**

*Taxation—Real-property valuation—Board of Tax Appeals erred in applying* Bedford *rule and in adopting county board of revision's determination of value—Record contains no probative evidence that tends to negate county auditor's valuation—Decision reversed and county auditor's valuation reinstated.*

(No. 2015-1358—Submitted November 21, 2017—Decided March 13, 2018.)

APPEAL from the Board of Tax Appeals, No. 2014-2519.

————————————

**Per Curiam.**

{¶ 1} In this real-property-valuation case, appellee Cummins & Davis, Inc., sought to reduce the value of its property for tax year 2011.  The Franklin County Board of Revision ("BOR") granted a partial reduction, and the Board of Tax

Appeals ("BTA") adopted the value determined by the BOR. Appellant, Board of Education of the South-Western City School District ("the BOE"), has appealed the BTA's decision, asserting three propositions of law. We conclude that the BTA erred in adopting the BOR's determination of value. We accordingly reverse the BTA's decision and reinstate the county auditor's original valuation.

## FACTS AND PROCEDURAL BACKGROUND

{¶ 2} The subject property consists of 55.61 acres of unimproved agricultural land. For tax year 2011, the Franklin County auditor valued the property at $328,700. Cummins & Davis filed a complaint against this valuation, seeking a reduction to $165,000. The BOE responded with a countercomplaint, urging retention of the county auditor's valuation.

*BOR proceedings*

{¶ 3} At the BOR hearing, Jeff Davis, a partner with Cummins & Davis, testified that the subject property is tucked in behind housing units and "doesn't have much frontage at all." He presented a printout containing information about a comparable sale from October 2013, when 55 acres of unimproved land sold for $269,625 ($4,902 per acre). A notation on the printout indicates that the sale was "not arm's length" because the vice president for both the buyer and the seller was the same person.

{¶ 4} According to Davis, this was the only comparable sale within a ten-mile radius of the subject property. The distance between the comparable-sale property and the subject property is about five miles. Davis asserted that the comparable-sale property is the superior property because it is in a "much more desirable area" than the subject property. He also posited that the subject property should be valued at "around $3,000 an acre" because of what he perceived to be its limited development opportunities. Specifically, Davis noted that the subject property is landlocked and situated in a watershed area.

**{¶ 5}** The BOE did not present its own evidence of value; instead, it relied on cross-examination of Davis. When Davis was asked about the notation on the printout describing the comparable sale as a non-arm's-length transaction, he said, "I don't know anything about it." The BOE then urged the BOR to disregard the comparable sale as evidence of the subject property's value on the grounds that the comparable sale was not at arm's length.

**{¶ 6}** After the hearing, the BOR stated that based on "the testimony presented," the value of the subject property for tax years 2011, 2012, and 2013 should be $272,000. The BOR did not explain how it calculated a value of $272,000, but the BOE infers that the BOR multiplied $4,902 per acre (the value from the comparable sale) by 55.61 acres (the area of the subject property) to arrive at a rounded value of $272,000.

*BTA proceedings*

**{¶ 7}** The BOE appealed to the BTA, which adopted the BOR's valuation for tax years 2011, 2012, and 2013. No additional evidence was presented, but the BOE did submit a brief in which it stressed that the comparable sale was not at arm's length. The BTA found Davis's testimony credible but found that the comparable sale lacked probative value and deserved minimal weight because it was presented in a raw, unadjusted form.

**{¶ 8}** The BTA then cited this court's decision in *Bedford Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 115 Ohio St.3d 449, 2007-Ohio-5237, 875 N.E.2d 913, as well as other decisions that draw from its principles. The BTA observed that the auditor's assessment overstated the subject property's value. And it noted that the BOR took account of Cummins & Davis's evidence as well as other information[1] in concluding that a reduction was justified. Finally, it explained that the BOE had presented no evidence of value, that the BOE's legal arguments were

---

[1] It is not clear what other information the BTA had in mind.

unpersuasive, and that the BOR's reduction was supported by the record. The BOE then filed this appeal.

## STANDARD OF REVIEW

{¶ 9} We will affirm a BTA decision that is reasonable and lawful. *Satullo v. Wilkins*, 111 Ohio St.3d 399, 2006-Ohio-5856, 856 N.E.2d 954, ¶ 14. We apply de novo review to the BTA's resolution of legal issues, but we will defer to the BTA's findings concerning the weight of the evidence if there is record support. *Lunn v. Lorain Cty. Bd. of Revision*, 149 Ohio St.3d 137, 2016-Ohio-8075, 73 N.E.3d 486, ¶ 13.

## DISCUSSION

### *The* Bedford *rule does not control*

{¶ 10} The BOE raises three propositions of law. Its first proposition of law faults the BOR for relying on Cummins & Davis's comparable-sale evidence that on its face indicates that the transaction was not at arm's length. The latter two propositions of law assert that this case is not controlled by the rule established in *Bedford* and that even if it were, the BTA misapplied the rule. We will address the three propositions together because they interrelate.

{¶ 11} The *Bedford* rule provides that " 'when the board of revision has reduced the value of the property based on the owner's evidence, that value has been held to eclipse the auditor's original valuation,' and the board of education as the appellant before the BTA may not rely on the latter as a default valuation." *Dublin City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 147 Ohio St.3d 38, 2016-Ohio-3025, 59 N.E.3d 1270, ¶ 6, quoting *Worthington City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 140 Ohio St.3d 248, 2014-Ohio-3620, 17 N.E.3d 537, ¶ 35. When the owner furnishes evidence to a board of revision that is "competent and at least minimally plausible," a board of education cannot simply fault the owner's evidence and urge reinstatement of a county auditor's original

4

valuation; instead, the board of education bears the burden to prove its proposed value. *Id.* at ¶ 7.

{¶ 12} But whether *Bedford*'s directive applies depends on circumstances that must be carefully evaluated. Two circumstances are important here—one procedural, the other substantive. Procedurally, the BOE actively opposed the use of the owner's evidence before the BOR. In *Worthington*, we found it significant for the purposes of the *Bedford* rule that the board of education had failed to advise the board of revision as to why the owner's evidence should be disregarded. *Worthington* at ¶ 39. Here, in contrast, the BOE directly urged the BOR to disregard the comparable sale because of its apparently related-party nature. As a result, the BOE as the appellant before the BTA was in a stronger position in this case to rely on that claim of error as a basis for setting aside the BOR's valuation.

{¶ 13} Substantively, the uncontroverted evidence that the comparable sale was a related-party transaction means that the sale price does not, without more, constitute evidence of market value.[2] *See* Appraisal Institute, *The Appraisal of Real Estate* 381 (14th Ed.2013) (sales-comparison approach calls for verification that comparable transactions "reflect arm's-length market considerations"); *accord Westerville City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 146 Ohio St.3d 412, 2016-Ohio-1506, 57 N.E.3d 1126, ¶ 52-53 (no presumption that a comparable sale constitutes an arm's-length transaction). This aspect of the case takes on special importance in the context of the *Bedford* rule because we have stated that *Bedford* does not require adherence to a board-of-revision decision marred by legal error. *See Columbus City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 148 Ohio St.3d 700, 2016-Ohio-8375, 72 N.E.3d 637, ¶ 16-17.

---

[2] The BOR did not expressly state that it was relying on the comparable sale, but as the BOE explains, the only way of replicating the BOR's determination of value is to use the dollar-per-acre figure derived from the comparable sale.

**{¶ 14}** Under these circumstances, we conclude that the BTA erred in its application of the *Bedford* rule.

*The county auditor's original valuation should be reinstated*

**{¶ 15}** The BOE suggests that the proper disposition here is to either remand the case to the BTA for an independent determination of value or to reinstate the county auditor's original valuation. We find that the latter disposition is more appropriate.

**{¶ 16}** When the record as developed negates a county auditor's valuation, the BTA is obliged to determine whether there exists " 'sufficient evidence to permit an independent valuation of the property.' " *Sapina v. Cuyahoga Cty. Bd. of Revision*, 136 Ohio St.3d 188, 2013-Ohio-3028, 992 N.E.2d 1117, ¶ 27, quoting *Colonial Village, Ltd. v. Washington Cty. Bd. of Revision*, 123 Ohio St.3d 268, 2009-Ohio-4975, 915 N.E.2d 1196, ¶ 25. If sufficient evidence exists, the BTA should independently value the property. *Id.* If, however, the record lacks sufficient evidence, the BTA may revert to the county auditor's valuation. *Apple Group, Ltd. v. Medina Cty. Bd. of Revision*, 139 Ohio St.3d 434, 2014-Ohio-2381, 12 N.E.3d 1188, ¶ 16.

**{¶ 17}** Here, the record contains no probative evidence that tends to negate the county auditor's original valuation; thus, the BTA is not required to determine whether sufficient evidence exists to independently value the subject property. To be sure, the BTA found Davis's testimony credible, but the only evidence of value identified by Davis relates to the comparable sale. The remainder of his testimony posits that the property is overvalued because of perceived impediments to development, but these remarks are in the form of qualitative statements that do not "establish[] an actual value." *Shinkle v. Ashtabula Cty. Bd. of Revision*, 135 Ohio St.3d 227, 2013-Ohio-397, 985 N.E.2d 1243, ¶ 27, citing *Throckmorton v. Hamilton Cty. Bd. of Revision*, 75 Ohio St.3d 227, 228, 661 N.E.2d 1095 (1996).

**{¶ 18}** Moreover, even assuming that Davis's qualitative statements did have a tendency to negate the county auditor's original valuation, it would be futile to require the BTA to determine on remand whether sufficient evidence exists to permit an independent valuation because it has already ruled out the only affirmative evidence of value: the comparable sale. *Id.* at ¶ 28 (whether property owner's evidence "did or did not negate the county's valuation is moot, because even if it did, the record plainly lacks sufficient evidence to permit the BTA to perform such a valuation of its own"); *see also Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision*, 127 Ohio St.3d 63, 2010-Ohio-4907, 936 N.E.2d 489, ¶ 35 (reinstating county auditor's original valuation when "the record did not contain sufficient evidence for the BTA to perform an independent valuation of the property").

## CONCLUSION

**{¶ 19}** For the foregoing reasons, the BTA's decision is reversed and the county auditor's original valuation is reinstated.

*Decision reversed.*

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, FISCHER, and DEWINE, JJ., concur.

DEGENARO, J., not participating.

_____

Rich & Gillis Law Group, L.L.C., Mark H. Gillis, and Kelley A. Gorry, for appellant.

_____