[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Huber Hts. City Schools Bd. of Edn. v. Montgomery Cty. Bd. of Revision,* Slip Opinion No. 2018-Ohio-4284.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-4284

HUBER HEIGHTS CITY SCHOOLS BOARD OF EDUCATION, APPELLANT, *v.*

MONTGOMERY COUNTY BOARD OF REVISION ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Huber Hts. City Schools Bd. of Edn. v. Montgomery Cty. Bd. of Revision,* Slip Opinion No. 2018-Ohio-4284.]

*Real-property valuation—Appraisal-review evidence—Appellant has burden to prove new value before the BTA—Decision affirmed.*

(No. 2017-0814—Submitted September 11, 2018—Decided October 24, 2018.)

APPEAL from the Board of Tax Appeals, Nos. 2015-2359 and 2015-2360.

_____

**Per Curiam.**

{¶ 1} Appellee Globe Products, Inc. sought a decrease in the valuation of its property during proceedings held before appellee Montgomery County Board of Revision ("BOR"). Appellant, the Huber Heights City Schools Board of Education ("BOE"), objected to Globe's requested decrease, but aside from a minor adjustment, the BOR lowered the property's value in line with what Globe sought. The BOE then appealed to the Board of Tax Appeals ("BTA"), where it presented

testimony that was critical of Globe's evidence. The BTA found the BOE's testimony lacking and accordingly adopted the value determined by the BOR. The BOE has appealed, claiming that the BTA misapplied the principles delineated in *Bedford Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 115 Ohio St.3d 449, 2007-Ohio-5237, 875 N.E.2d 913. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

**{¶ 2}** The property at issue consists of two parcels covering 12.4 acres. The property is improved with a 96,000-square-foot industrial office, a 1,536-square-foot one-story residential duplex, and a 3,260-square-foot metal pole barn. For tax year 2014, the county auditor collectively valued the parcels at $1,808,130. Globe filed complaints against the valuation of each parcel, seeking a decrease in the auditor's valuation. The BOE filed countercomplaints seeking retention of the auditor's valuations.

### *BOR proceedings*

**{¶ 3}** The BOR consolidated the complaints. At the hearing, Globe presented the testimony and appraisal report of Robert A. Harris, a certified appraiser. Harris performed a sales-comparison approach that evaluated six sales. Based on the sales data, Harris deemed a value of $9.30 per square foot as appropriate for the subject. He applied this figure against an area of 101,004 square feet—the area covered by the industrial office, the one-story residential duplex, and the metal pole barn—to arrive at a rounded valuation of $940,000. The BOE did not present its own evidence; instead, it cross-examined Harris.

**{¶ 4}** The BOR valued the two parcels at $956,630. The BOR referenced Harris's appraisal report during its deliberations, but it did not explain the reason for the difference between its assigned valuation and the valuation opined by Harris, a difference of less than 2 percent.

*BTA proceedings*

{¶ 5} The BOE appealed the BOR's determination to the BTA, where it presented appraisal-review testimony from Thomas D. Sprout, a certified appraiser. " 'The primary function of an appraisal reviewer is not to appraise the subject property but to examine the contents of a report and form an opinion as to its adequacy and appropriateness.' " *Sears, Roebuck & Co. v. Franklin Cty. Bd. of Revision*, 144 Ohio St.3d 421, 2015-Ohio-4522, 44 N.E.3d 274, ¶ 21, quoting Appraisal Institute, *The Appraisal of Real Estate* 590 (13th Ed.2008).

{¶ 6} Sprout faulted Harris for not performing an income approach to valuation, for assigning an exposure time of five to seven years to the property,[1] and for not providing information on the condition of the property's roof. Sprout also addressed the comparable-sales analysis contained in Harris's report. He queried whether the compared properties and the property were truly comparable, questioned the rationale behind Harris's adjustments to those sales, and criticized Harris's method for deriving a value for the property from the sales. Sprout testified that he did not have an opinion of value for the property. For its part, Globe again presented Harris, who expounded further on his approach to appraising the property.

{¶ 7} The BTA, relying on *Bedford*, 115 Ohio St.3d 449, 2007-Ohio-5237, 875 N.E.2d 913, and the line of cases following it, adopted the BOR's determination of value. In doing so, the BTA acknowledged the suggestion in *Sears* that a board of education could, "in a proper case," submit conflicting evidence in the form of an appraisal review. *Id.* at ¶ 21. The BTA nevertheless reasoned that *Sears* did not preclude adoption of the BOR's value. The BOE then filed this appeal.

---

1. "Exposure time" is the "estimated length of time that the property being appraised would have been offered on the market prior to the hypothetical consummation of a sale at market value on the effective date of the appraisal." Appraisal Institute, *The Dictionary of Real Estate Appraisal* 83 (6th Ed.2015).

## STANDARD OF REVIEW

{¶ 8} We will affirm a BTA decision that is reasonable and lawful. *Satullo v. Wilkins*, 111 Ohio St.3d 399, 2006-Ohio-5856, 856 N.E.2d 954, ¶ 14. We review de novo the BTA's resolution of legal issues but will defer to the BTA's findings concerning the weight of the evidence if there is record support for them. *Lunn v. Lorain Cty. Bd. of Revision*, 149 Ohio St.3d 137, 2016-Ohio-8075, 73 N.E.3d 486, ¶ 13.

## DISCUSSION

### *The BTA's characterization of* Bedford

{¶ 9} In its first proposition of law, the BOE accuses the BTA of mischaracterizing the *Bedford* rule. Globe rejoins that we lack jurisdiction to address this argument because it was not set forth in the BOE's notice of appeal. Globe alternatively maintains that the BTA accurately described the *Bedford* rule.

{¶ 10} We begin with Globe's jurisdictional argument. The case law is clear that we cannot exercise jurisdiction over an alleged BTA error if that error is not set forth in an appellant's notice of appeal. *Cruz v. Testa*, 144 Ohio St.3d 221, 2015-Ohio-3292, 41 N.E.3d 1213, ¶ 18. Hypertechnical jurisdictional objections, however, are viewed with disfavor. *Id.* at ¶ 21. To this end, our jurisdictional analysis must assess the words used in the notice of appeal within the case's particular context. *Id.*

{¶ 11} Here, the BOE's notice of appeal mentions *Bedford* no fewer than three times, variously asserting that the BTA erred in its understanding and application of that decision. That the BOE's exposition of the *Bedford* issue took on a more concrete shape in its brief is not unexpected, as precedent does not require an assignment of error in a notice of appeal to rise to the level of reasoned argumentation. That is, after all, what a brief is for. As in *Cruz*, it "does suffice," *id.* at ¶ 24, that both Globe and this court were on notice that the BTA's treatment of *Bedford* would be an issue here.

**{¶ 12}** Turning to the merits, the BOE argues that the BTA erred in concluding that the elements of *Bedford* were satisfied "at the BOR level." According to the BOE, the BTA erred in writing those four words because *Bedford* applies only at the BTA.

**{¶ 13}** The elements of *Bedford* are as follows. First, the property owner must have filed either an original or a countercomplaint. *Dublin City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 147 Ohio St.3d 38, 2016-Ohio-3025, 59 N.E.3d 1270, ¶ 9. Second, the board of revision must have "ordered a reduced valuation based on competent evidence offered by the property owner." *Id.* Third, the board of education must have appealed the board of revision's decision to the BTA. *Id.* And fourth, the board of revision's reduction in value must have been based on appraisal evidence, not a sale price. *Id.* at ¶ 11. When these elements are met, the board of education bears the burden before the BTA of "prov[ing] a new value (be that the auditor's valuation or some other value)." *Id.* at ¶ 7. The default value confronting the board of education in such a scenario is the board of revision's reduced valuation, *not* the auditor's original valuation. *Id.*

**{¶ 14}** Because the *Bedford* elements are all tied to what transpired at the board-of-revision level, the BTA did not err in concluding that they were satisfied "at the BOR level." Although *Bedford* is applied at the BTA, its applicability is determined by the course of proceedings at the board of revision.

**{¶ 15}** The BOE additionally asserts that *Bedford* "does not apply when a [board of revision] lowers value to a value *different* [from] that proposed by the appraisal evidence submitted unless the [board of revision] specifically states how it arrived at its value." (Emphasis sic.) But *Bedford* itself was a case in which an owner presented evidence to a board of revision seeking a valuation decrease, yet did not receive the full extent of its requested decrease. *Id.*, 115 Ohio St.3d 449, 2007-Ohio-5237, 875 N.E.2d 913, ¶ 1-5. It is thus immaterial that the BOR's valuation does not precisely align with Harris's opinion of value. Further, the BOR

explicitly mentioned Globe's evidence—and no other evidence—as a prelude to announcing its determination of value. And that determination differs by less than 2 percent from Harris's opined value. These circumstances fall within *Bedford*'s boundaries. *See Dublin City Schools* at ¶ 8.

*The BOE's burden under* Bedford

**{¶ 16}** In its second proposition of law, the BOE submits that it met its evidentiary burden at the BTA by furnishing appraisal-review testimony that controverted Harris's appraisal report and that it was not required to present affirmative evidence of value. The BOE points to *Sears*, in which we explained, "Even if a board of education elects not to commission its own appraisal, it might in a proper case offer a different type of evidence: an expert review of the owner's appraisal. * * * An appraisal review performed by an expert would make a greater claim on the BTA's attention because it would constitute conflicting evidence." 144 Ohio St.3d 421, 2015-Ohio-4522, 44 N.E.3d 274, at ¶ 21.

**{¶ 17}** In *Sears*, we did not specify what "a proper case" would look like, but the conditional nature of that passage necessarily means that appraisal-review testimony will not be appropriate in every case. We conclude that this is not a proper case for such testimony because—unlike in *Sears*—*Bedford* applies here. When *Bedford* applies, "the burden lies on the board of education to prove a new value." *Dublin City Schools*, 147 Ohio St.3d 38, 2016-Ohio-3025, 59 N.E.3d 1270, at ¶ 7. To do that, "[t]he appellant before the BTA must present competent and probative evidence to prove that the value that he or she proffers is correct." *DAK, PLL v. Franklin Cty. Bd. of Revision*, 105 Ohio St.3d 84, 2005-Ohio-573, 822 N.E.2d 790, ¶ 13. Permitting a board of education to override *Bedford* through the use of an appraisal review that, as here, merely criticizes an owner's appraisal evidence without proving a new value is inconsistent with that directive.

**{¶ 18}** In any event, even if Sprout's appraisal-review testimony could be considered a proper way for the BOE to meet its burden in this case, that testimony

can hardly be said to have placed much of a "claim on the BTA's attention." *Sears* at ¶ 21. When Sprout was asked if he had an opinion on the subject's value, he answered, "I do not." Such testimony does little, if anything, to assist the BTA in fulfilling its duty under R.C. 5717.03(B) to "determine the taxable value of the property."[2]

**{¶ 19}** The BOE's last argument under this proposition of law takes aim at the probative value of Harris's appraisal. But when, as here, the property owner presents "competent and at least minimally plausible" evidence of value, *Bedford* instructs that a board of education cannot succeed at the BTA by faulting the evidence that the owner presented to the board of revision. *Dublin City Schools*, 147 Ohio St.3d 38, 2016-Ohio-3025, 59 N.E.3d 1270, ¶ 7. That precept defeats the BOE's attack on Harris's appraisal.

*The BOE's request to reinstate or default to the auditor's valuation*

**{¶ 20}** The BOE's third and fourth propositions of law largely echo its earlier positions. It claims that the BTA should have reinstated the auditor's original valuation because of the alleged flaws in Harris's appraisal. Alternatively, the BOE submits that the auditor's valuation should be considered the default if a remand is ordered.

**{¶ 21}** Although there are exceptions, *see Columbus City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 144 Ohio St.3d 324, 2015-Ohio-3633, 43 N.E.3d 387, ¶ 44, and *South-Western City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 152 Ohio St.3d 548, 2018-Ohio-919, 98 N.E.3d 270, ¶ 16, the general rule is that "as long as the evidence of value that the owner presented to the board

---

2. We also do not agree that the BTA failed to consider Sprout's testimony. In its decision, the BTA expressly stated: "Sprout testified that Harris's appraisal fell short of professional requirements because it failed to provide sufficient information to potential readers, failed to rely on accurate market information, and failed to provide an income approach given the subject property's income-producing nature." BTA Nos. 2015-2359 and 2015-2360, 2017 WL 2269662, at *1 (May 17, 2017).

of revision was competent and at least minimally plausible, the board of education may not invoke the auditor's original valuation as a default." *Dublin City Schools* at ¶ 7. Here, Globe presented *competent and at least minimally plausible* evidence to the BOR, namely, Harris's testimony and appraisal report. Because no exceptions to the general rule apply here, the BOE's third and fourth propositions of law fail.

## CONCLUSION

{¶ 22} For the foregoing reasons, we affirm the BTA's decision.

Decision affirmed.

O'CONNOR, C.J., and O'DONNELL, FRENCH, FISCHER, DEWINE, and DEGENARO, JJ., concur.

KENNEDY, J., concurs in judgment only.

_____

Rich & Gillis Law Group, L.L.C., and Kimberly Allison, for appellant.

Waite, Tomb & Eberly, L.L.P., Stephen Klein, and Patrick J. Janis, for appellee Globe Products, Inc.

_____