GENERAL MOTORS CORPORATION, APPELLANT, *v.* CUYAHOGA COUNTY BOARD OF REVISION ET AL., APPELLEES.

[Cite as *Gen. Motors Corp. v. Cuyahoga Cty. Bd. of Revision* (1993), 67 Ohio St.3d 310.]

(No. 92–1905—Submitted July 29, 1993—Decided September 15, 1993.)

*Jones, Day, Reavis & Pogue, Roger F. Day* and *John C. Duffy, Jr.,* for appellant.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *William J. Day,* Assistant Prosecuting Attorney, for appellees Cuyahoga County Auditor and Cuyahoga County Board of Revision.

*Armstrong, Mitchell & Damiani, Timothy J. Armstrong, Deborah J. Papushak* and *William Mitchell,* for Parma Board of Education.

---

*Per Curiam.* The BTA failed to comply with our instructions upon remand of this matter. Thus, the decision of the BTA is unreasonable and unlawful and it is reversed. The matter is remanded to the BTA again for clarification as hereinafter set forth.

*Howard v. Cuyahoga Cty. Bd. of Revision* (1988), 37 Ohio St.3d 195, 197, 524 N.E.2d 887, 889, requires that the BTA "state what evidence it considered relevant in reaching its value determinations." In *Gen. Motors, supra,* 53 Ohio St.3d at 235, 559 N.E.2d at 1330, to the same effect, we said: "We can perform our duty to affirm reasonable, and to reverse unreasonable, determinations only when the BTA sets forth its findings and the basis therefor." We meant what we said. In our earlier remand, we intended for the BTA, in conformity with the *Howard* standard, and in compliance with our admonition for "clarification," to spell out the steps it took to arrive at the true value of GM's real property for the years in question. This clarification includes (1) what amounts or percentages it used for its computation of true value, and the evidence of record supporting them; (2) what evidence it relied on in determining depreciation or obsolescence; and, finally, (3) why it made the particular selections in preference to some other approach, depreciation factor, obsolescence factor or appraiser which opposed that which was chosen by the BTA, and how and why it might have deviated from the amounts or percentages used by appraisers whose testimony was presented. Only after seeing this detailed explanation can we be assured that the BTA possessed and used the "experience" and "expertise" that it claimed for itself, and that its decision was not unreasonable or unlawful.

*Decision reversed*
*and cause remanded.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

WRIGHT, J., not participating.