OPINIONS OF THE SUPREME COURT OF OHIO
The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.

Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.

NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

Delhi Estates, Ltd., Appellant, v. Hamilton County Board of
Revision et al., Appellees.
[Cite as Delhi Estates, Ltd. v. Hamilton Cty. Bd. of Revision
(1994),      Ohio St.3d     .]
Taxation -- Real property taxes -- Determining true value of
     federally subsidized housing under R.C. 5713.03.
     (No. 92-1367 -- Submitted March 19, 1993 -- Decided
February 2, 1994.)
     Appeal from the Board of Tax Appeals, No. 88-E-925.
     Appellant, Delhi Estates, Ltd. ("Delhi"), operates Delhi
Estates, a subsidized apartment complex for the elderly,
located at 5320 Delhi Pike, Cincinnati, Ohio.  The property is
a three-story brick veneer apartment building containing
sixty-five one-bedroom units, eight one-bedroom handicap units
and one two-bedroom unit, on a 5.269-acre tract.  For tax year
1987, the Hamilton County Auditor ("auditor") determined the
true value of the subject property to be $2,086,690.  That
value was affirmed by the Hamilton County Board of Revision
("board of revision") and Delhi appealed to the Board of Tax
Appeals ("BTA").
     Delhi relied upon the appraisal evidence of an expert
appraiser, John Garvin, and the board of revision presented the
testimony of Marlene McDaniel, the auditor's senior appraiser.
Both appraisers used multiple approaches to value.  Both relied
in the main on the income approach to value and estimated the
true or fair market value to be $1,030,000 and $2,100,000,
respectively.
     The BTA criticized Delhi's evidence because its appraiser
used "comparables that vary substantially from the subject
property," and because the operating expenses he used were
based on actual operating statements.  Thus, the BTA found
Delhi did not sustain its burden of proving its right to a
reduction in value.
     The cause is now before this court upon an appeal as of
right.

     Arter & Hadden and Karen H. Bauernschmidt, for appellant.
     Joseph T. Deters, Hamilton County Prosecuting Attorney,

and Thomas J. Scheve, Assistant Prosecuting Attorney, for appellees.

Per Curiam. This is another appeal involving the determination of the true value of subsidized real property. We affirm the decision of the BTA.

The parties to the appeal apparently concede the applicability of Alliance Towers, Ltd. v. Stark Cty. Bd. of Revision (1988), 37 Ohio St. 3d 16, 523 N.E.2d 826, and related cases, but each levels criticism at the opponent's appraisal.

The BTA stated: "[T]he income approach is the most appropriate method of valuation to use in the calculation of value on an income-producing property."

The BTA found:

"Specifically, with regard to valuation of subsidized housing, the Supreme Court held that when employing the income approach, 'economic rent is a proper consideration in a situation in which contract rent is not truly reflective of true value in money,' e.g., subsidized housing, Canton Towers, Ltd. v. [Stark Cty.] Bd. of Revision (1983), 3 Ohio St.3d 4 [3 OBR 302, 444 N.E.2d 1027]."

That sets the proper focus for our review of the BTA decision. Delhi disputed the BTA's valuation, and, as we stated in Crow v. Cuyahoga Cty. Bd. of Revision (1990), 50 Ohio St.3d. 55, 57, 552 N.E.2d. 892, 893: "Appellant ha[s] the duty to prove his right to a reduction in value * * *." See, also, W. Industries, Inc. v. Hamilton Cty. Bd. of Revision (1960), 170 Ohio St. 340, 15 O.O.2d 12, 173 N.E.2d 686.

While the BTA rejected Delhi's appraisal "as being non-reflective of the subject property," it likewise, but without comment, did not accept the second appraisal submitted by the board of revision. Instead, the BTA stated "the values assessed by the auditor and affirmed by the board of revision most accurately reflect the fair market value of the subject property" and found the true value of the property for 1987 to be $2,086,690. We cannot say that the decision of the BTA, in ratifying the original true value determination of the board of revision, was unreasonable or unlawful.

That should end the matter, but, because the primary issue has been presented to us repeatedly, our specific holding will be restated. We confirm the test set forth in Alliance Towers, supra. To determine the true value of federally subsidized housing under R.C. 5713.03, "[i]t is the fair market value of the property in its unrestricted form of title which is to be valued. It is to be valued free of the ownerships of lesser estates * * * and restrictive contracts with the government. * * * [T]he fee simple estate is to be valued as if it were unencumbered." Id., 37 Ohio St.3d at 23, 523 N.E.2d at 832.

"In sum, the artificial effects of the government housing assistance program are not indicative of the valuation of the real estate.

"* * * An apartment property built and operated under the auspices of HUD is to be valued, for real property tax purposes, with due regard for market rent and current returns on mortgages and equities." Id. at 24, 523 N.E.2d. at 833.

Moreover, we said in Alliance Towers at 23, 523 N.E.2d at 833:

"The contract rents, which are a combination of the amount paid by the tenant and the amount paid by the government, are artificially derived without any direct relation to the market." That is another way of saying what we said in Canton Towers, supra. More recently, we identified it as the basis for the BTA's determination in Loveland Pines v. Hamilton Cty. Bd. of Revision (1993), 66 Ohio St.3d 387, 388, 613 N.E 2d. 191, 192:

"The BTA rejected the income approach because each appraiser used comparable market rents, but also used actual costs, in determining the operating expenses of the federally subsidized property."

Pursuant to the test enunciated for real property tax purposes in Alliance Towers, in valuing property involved in a government housing assistance program, in order to give due regard to market rent and current returns on mortgages and equities, we require that market or conventional rentals and expenses be utilized to the exclusion of contract or actual rentals and expenses.

The BTA properly rejected Delhi's appraisal evidence. Its decision is affirmed.

Decision affirmed.

Moyer, C.J., A.W. Sweeney, Wright, Resnick and F.E. Sweeney, JJ., concur.

Douglas, J., concur in judgment only.

Pfeifer, J., dissents.