[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Sears, Roebuck & Co. v. Franklin Cty. Bd. of Revision,* Slip Opinion No. 2015-Ohio-4522.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-4522

SEARS, ROEBUCK & COMPANY, APPELLEE, *v.* FRANKLIN COUNTY BOARD OF REVISION ET AL., APPELLEES; COLUMBUS CITY SCHOOLS BOARD OF EDUCATION, APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Sears, Roebuck & Co. v. Franklin Cty. Bd. of Revision,* Slip Opinion No. 2015-Ohio-4522.]

*Taxation—Real property—Valuation—Standard of review on appeal—Board of Tax Appeals' adoption of value set forth in sole appraisal report in the record is lawful and reasonable—Board has no duty to make particularized findings of fact and conclusions of law—Decision affirmed.*

(No. 2014-0722—Submitted July 7, 2015—Decided November 3, 2015.)

APPEAL from the Board of Tax Appeals, No. 2011-406.

_____

**Per Curiam.**

{¶ 1} This real-property-valuation case concerns the proper valuation for tax years 2005 through 2010 of a large facility located at the Eastland Mall in

Columbus and owned by appellee Sears, Roebuck & Company ("Sears"). The Franklin County auditor valued the property at $8,323,000 for tax year 2005, which was a reappraisal year in Franklin County, and for tax years 2006 through 2010. The Franklin County Board of Revision ("BOR"), appellee, rejected Sears's claims for reduction. At the Board of Tax Appeals ("BTA"), Sears presented an appraisal determining the value to be $6,300,000 for tax year 2005 and $6,550,000 for tax year 2008, the year of a triennial update. Appellant, the Columbus City Schools Board of Education ("school board"), appeared, cross-examined the appraiser, and presented certain data as rebuttal evidence. The BTA adopted the appraiser's opinion of value, and on appeal, the school board advances specific challenges to the probative character of the appraisal and the attendant testimony. Because we find that the BTA acted reasonably and lawfully, we affirm the board's decision.

## FACTS

{¶ 2} This appeal concerns the proper valuation of a single parcel of 16.71 acres at Eastland Mall, owned by Sears, on which two buildings are located: a 225,882-square-foot two-story department store and a 53,362-square-foot two-story automotive center—a total of 279,244 square feet of retail space, constructed in 1968. The testimony showed that the second floor of neither building was currently being used for retail purposes. The auditor valued the property for tax year 2005 at $8,323,000. Sears filed a complaint on March 28, 2006, seeking a reduction of value to $4,000,000. The school board filed a countercomplaint seeking retention of the auditor's valuation.

{¶ 3} The BOR held a hearing on September 9, 2010. At the hearing, a Sears property-tax manager named H. Larry Schramm testified and presented a valuation study that he had prepared, including both an income and a sales-comparison approach. Schramm determined the value of the property to be $4,000,000 for 2005 and $3,600,000 for 2008. The school board's counsel cross-

examined Schramm but offered no independent evidence. Because Schramm admitted that he did not qualify as an appraisal expert and because Schramm was not a disinterested third-party witness, the BOR accorded little to no weight to his testimony. In its deliberations on December 13, 2010, the BOR ordered no change in the property value from 2005 through 2010.

{¶ 4} Sears appealed to the BTA, and at the hearing, which was held on January 9, 2013, Sears presented the testimony and appraisal report of Kelly M. Fried, a state-certified general appraiser and vice president of Gem Real Estate Group. Fried performed an analysis using an income approach and a sales-comparison approach, weighted the sales-comparison approach two-thirds and the income approach one-third because of the likelihood of a single owner-user of the property, and arrived at a valuation of $6,300,000 for 2005 and $6,550,000 for 2008.

{¶ 5} Fried used department stores exclusively as both rent and sales comparables and did not consider any "automotive centers" as such. The school board's attorney cross-examined Fried extensively on this point, and Fried offered several reasons. First, Fried "determined this [property] to be one economic unit since it's located on the same parcel, just as I allocated value to the [second-story] space even though it's not been utilized for several years." Second, Fried stated that Kmart and other retailers often have a garden center or automotive center that is separated from the main store in whole or in part, but standard practice is to view the property as an economic unit. Third, Fried testified that if the automotive center were to be split off, all kinds of assumptions would have to be made concerning viability of the split, the separation of utility service, and the availability of separate access. Fourth, Fried noted that the Sears automotive center was different from automotive centers that are not affiliated with a department store in that it did not have its own street frontage. Instead, its location made it "ancillary" to the store.

**{¶ 6}** Finally, Fried stated on redirect examination that under appraisal practice a discount would be necessary if she were to treat the buildings as separate units—the value would not equal the sum of the value of the department store plus the value of the automotive center.

**{¶ 7}** The school board introduced as rebuttal evidence print-outs from the county auditor's website showing sales of five properties, each classified as a "community garage," which counsel represented to be automotive centers. Photos from the website revealed that the properties were auto-service centers. On redirect examination, Fried noted that the automotive centers were all newer than the Sears center (being built from the 1980s to 2008, as opposed to 1968) and were much smaller. And Fried stated that she would have to research them to see if they were otherwise comparable (including whether the sales were arm's-length sales); their utility as comparables could not be discerned from the raw data.

**{¶ 8}** The BOR decided to retain the auditor's value. Sears appealed.

**{¶ 9}** In both of its two briefs to the BTA, the school board defended the auditor's value by pointing out that the different use of the automotive center made the comparables in the Sears appraisal not probative. But although the school board faulted Fried for treating the Sears property as a single economic unit, neither of its two briefs used the rebuttal evidence. The school board made no mention of it; indeed, the school board did not perform any analysis as to how the evidence demonstrated a greater value for the subject property.

**{¶ 10}** The BTA issued its decision on April 10, 2014. It is brief; its operative sentence reads:

> Upon review of appellant's appraisal evidence which provides an opinion of value as of [the] tax lien date, was prepared for tax valuation purposes, and was attested to by a qualified expert, and having considered the BOE's arguments challenging

4

such appraisal, which is the only appraisal evidence submitted, we find such report to be competent and probative and the value conclusion reasonable and well-supported.

BTA No. 2011-406, 2014 Ohio Tax LEXIS 2278, *2 (Apr. 10, 2014).

{¶ 11} The BTA then adopted the Sears appraisal valuations: $6,300,000 for 2005 through 2007, and $6,550,000 for 2008 through 2010. The school board has appealed.

### THE HIGHEST-AND-BEST-USE ARGUMENT UNDER APPELLANT'S THIRD PROPOSITION OF LAW IS JURISDICTIONALLY BARRED

{¶ 12} The sixth paragraph of R.C. 5717.04 states that the notice of appeal to this court "shall set forth the decision of the board appealed from and the errors therein complained of." The requirement that the errors be set forth in the notice of appeal is jurisdictional. *Cruz v. Testa,* ___ Ohio St.3d ___, 2015-Ohio-3292, ___ N.E.3d ___, ¶ 18. Thus, errors not specified may not be asserted as a basis for relief in the brief to the court because the lack of specification deprives the court of jurisdiction to grant relief on that basis. *See Newman v. Levin*, 120 Ohio St.3d 127, 2008-Ohio-5202, 896 N.E.2d 995, ¶ 28.

{¶ 13} In its first four propositions of law, Sears, the property owner and the appellee in this case, urges that the school board's notice of appeal fails to specify error. A review of the notice of appeal leads us to conclude that only one argument set forth in the brief is barred: the new argument in the school board's third proposition of law that the BTA's finding of highest and best use is not supported by the record.[1] That argument was not advanced below, nor is it specifically stated in the notice of appeal. It is therefore barred.

---

[1] On its face, the appraisal states that the highest and best use is the existing use. What the school board is arguing is a variation of the argument that the comparables are not genuinely comparable; that argument, as discussed, has been preserved.

{¶ 14} By contrast, the argument that the comparables are not comparable, which is also advanced in the third proposition of law, has been preserved. In particular, specifications of error six and seven sufficiently raise the point by challenging the appraisal's lack of relevant market data and comparable sales data, and specification eight also preserves the argument when it states that *the BTA erred by failing to address the criticisms leveled by the school board at the appraisal*. One of those criticisms was the comparables-not-being-comparable argument, which was raised below and was not explicitly addressed by the BTA. *See WCI Steel, Inc. v. Testa*, 129 Ohio St.3d 256, 2011-Ohio-3280, 951 N.E.2d 421, ¶ 36 (notice of appeal to be construed not merely by its form of words but in the context of the objections and evidence presented below).

### THE BTA HAS NO DUTY TO ISSUE FINDINGS OF FACT AND CONCLUSIONS OF LAW

{¶ 15} The school board's second proposition of law faults the BTA for not "set[ting] forth the relevant facts in its decision." But we have held that the BTA has no obligation to make particularized findings of fact and conclusions of law. *See Wolf v. Cuyahoga Cty. Bd. of Revision*, 11 Ohio St.3d 205, 206, 465 N.E.2d 50 (1984) (rejecting the argument that "the failure of the BTA to render specific findings of fact and conclusions of law renders the decision *per se* unreasonable and unlawful" and observing that "this court has found no authority which places a mandatory duty upon the BTA to make separate findings of fact and conclusions of law"); *Wheeling Steel Corp. v. Evatt*, 143 Ohio St. 71, 96, 54 N.E.2d 132 (1944) ("There is no authority for [a] request for findings of fact and conclusions of law separately stated").

{¶ 16} The school board cites cases in which the court identified a duty for the BTA to "state what evidence it considered relevant in reaching its value determinations." *Howard v. Cuyahoga Cty. Bd. of Revision*, 37 Ohio St.3d 195, 197, 524 N.E.2d 887 (1988); *HealthSouth Corp. v. Levin*, 121 Ohio St.3d 282, 2009-Ohio-584, 903 N.E.2d 1179, ¶ 34 (citing and applying *Howard*); *Columbus*

*City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 90 Ohio St.3d 564, 566, 740 N.E.2d 276 (2001). In another case, we have already addressed and rejected the contention that the school board advances here. *See Columbus City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, Slip Opinion No. 2015-Ohio-3633, ¶ 23. Here, as in the 2015 *Columbus City Schools* case, the BTA determined a value based on a record that contained the owner's appraisal as the only substantive evidence of value; the BTA predicated its determination on that opinion and said so. For the same reasons as stated in *Columbus City Schools, Howard* and *HealthSouth* are inapposite. Moreover, in the 2001 *Columbus City Schools* case, the BTA affirmed a valuation made by a board of revision, which differed from the auditor's, despite the fact that the record contained no supporting evidence and no evidence was presented to the BTA. That situation is not comparable to the straightforward adoption of the opinion of value from the only appraisal in the record.

{¶ 17} In a further attempt to find support for its argument, the school board cites statutes and administrative rules that control the substantive law of valuing property for tax-assessment purposes. Through these citations the school board attempts to bolster its theory that the BTA has a duty to cite these provisions of law and discuss them in conjunction with the facts of the case. But no such inference is justified. The substantive-law provisions describe the criteria for determining value, but they do not require the BTA to state which of these criteria it relied on in its valuation.

{¶ 18} Finally, the school board cites another body of cases in which the court did require more discussion or findings by the BTA. *Gen. Motors Corp. v. Cuyahoga Cty. Bd. of Revision*, 67 Ohio St.3d 310, 617 N.E.2d 1102 (1993); and *Villa Park Ltd. v. Clark Cty. Bd. of Revision*, 68 Ohio St.3d 215, 625 N.E.2d 613 (1994). But these cases differ from the present case in an obviously important respect: each involved more than one appraisal, and in each the BTA did not

adopt one proposed valuation or the other, but performed adjustments of its own. In both cases we concluded that the BTA had not sufficiently explained the basis for adjusting the valuation. *Gen. Motors Corp. v. Cuyahoga Cty. Bd. of Revision*, BTA Nos. 85-G-440 through 85-G-443, 1989 WL 82679 (Apr. 21, 1989), *rev'd and remanded*, 53 Ohio St.3d 233, 559 N.E.2d 1328 (1990); *on remand*, BTA Nos. 85-G-440 through 85-G-443, 1992 WL 207483 (Aug. 21, 1992), *rev'd and remanded,* 67 Ohio St.3d 310, 617 N.E.2d 1102 (1993); *Villa Park, Ltd. v. Clark Cty. Bd. of Revision*, BTA No. 90-H-558, 1992 WL 153143 (June 26, 1992), *rev'd and remanded,* 68 Ohio St.3d 215, 625 N.E.2d 613 (1994). Under those circumstances, we remanded with the instruction that the BTA set forth sufficient reasons for its determination that would permit us to decide whether the board's valuation was reasonable and lawful. Those cases are inapposite to the situation here, where only one appraisal has been presented, and the BTA straightforwardly adopted that valuation.

{¶ 19} Similarly, *Dublin Senior Community L.P. v. Franklin Cty. Bd. of Revision*, 80 Ohio St.3d 455, 687 N.E.2d 426 (1997), involved a situation in which the owner presented one appraisal to the board of revision and a different appraisal to the BTA. Both appraisals were in the record before the BTA. Upon review, we determined that the BTA had ignored the first appraisal and discussed only the appraisal presented at the BTA, even though the owner devoted more space in its BTA brief to analyzing the first appraisal. We remanded for a consideration of the first appraisal, ordering the BTA to set forth its reasons for accepting or rejecting it. This situation is not apposite to the present case, where the BTA adopted the sole appraisal presented to it.

{¶ 20} To be sure, we have held that the school board may, in a proper case, discredit appraisal testimony through cross-examination and argument. *See Vandalia-Butler City School Dist. Bd. of Edn. v. Montgomery Cty. Bd. of Revision*, 106 Ohio St.3d 157, 2005-Ohio-4385, 833 N.E.2d 271, ¶ 9, in which the

BTA agreed with the board of education's contention that the appraisal of the sole expert in the case was unconvincing, and this court affirmed. We do not infer from that disposition that the BTA has a duty to discuss every *mere contention*—as opposed to *evidence*—attacking the validity of an appraisal.

**{¶ 21}** It is important in this context to distinguish another situation in which the BTA ought to explain its position. In *Vandalia-Butler City Schools Bd. of Edn. v. Montgomery Cty. Bd. of Revision*, 130 Ohio St.3d 291, 2011-Ohio-5078, 958 N.E.2d 131, we held among other things that the BTA "erred by adopting the BOR's valuation without addressing the hearsay objection" raised by the board of education. *Id.* at ¶ 15. Unlike that case, however, the present appeal does not involve the BTA's failure to address a specific evidentiary objection before relying on the evidence objected to.

**{¶ 22}** It is not as though the school board lacked the means to make its case. Even if a board of education elects not to commission its own appraisal, it might in a proper case offer a different type of evidence: an expert review of the owner's appraisal. Here, the school board claims that the owner's appraisal is deeply flawed. Under such circumstances, the school board could hire an expert to perform an "appraisal review" to highlight the errors. *See* Appraisal Institute, *The Appraisal of Real Estate* 590 (13th Ed.2008) ("The primary function of an appraisal reviewer is not to appraise the subject property but to examine the contents of a report and form an opinion as to its adequacy and appropriateness"). An appraisal review performed by an expert would make a greater claim on the BTA's attention because it would constitute conflicting evidence.

**{¶ 23}** But no such review was offered here, and counsel's speculations do not equate to an expert's opinion. Quite simply, the speculations of lawyers about the substance of appraisals do not always merit discussion by a busy tax tribunal with a docket of hundreds, if not thousands, of cases.

**{¶ 24}** For all the foregoing reasons, we reject the school board's assertion that the BTA's decision was unreasonable or unlawful on account of alleged formal inadequacies.

### THE ARGUMENT THAT THE APPRAISER'S COMPARABLES ARE NOT GENUINELY COMPARABLE FURNISHES NO BASIS FOR REVERSAL HERE

**{¶ 25}** On the merits, the school board argues that "[t]here is no credible evidence in the record to support Ms. Fried's appraisal methodology that lumped together the Automobile Service Center and the mall department store in order to create one 279,244 square-foot building which was then valued as a mall department store." The school board thereby renews its claim that the department-store rent and sales comparables are not genuinely comparable to the subject property.

**{¶ 26}** We reject this argument as a basis for reversing for two reasons. First, Fried advanced several grounds in support of her method, and the school board has not remotely negated them. We have no more reason to question the treatment of the parcel at issue as an economic unit here than we had in other appeals in which we endorsed the unified treatment of separate parcels or buildings by the fact-finding tribunal, be it the BTA or the common pleas court in an appeal prosecuted pursuant to R.C. 5717.05. *See Strongsville Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 77 Ohio St.3d 402, 405-406, 674 N.E.2d 696 (1997) (approving the BTA's treatment of two buildings on separate parcels as an economic unit); *Park Ridge Co. v. Franklin Cty. Bd. of Revision*, 29 Ohio St.3d 12, 504 N.E.2d 1116 (1987) (upholding the common pleas court's treatment of apartment complexes as economic units where in most cases, each unit occupied a separate lot).

**{¶ 27}** Second, the contention that the mere presence of the two buildings on the same parcel does not make them an economic unit is unavailing. Fried stated that their presence on one parcel was *one reason* for viewing them as an

economic unit, but then stated others, as discussed. Also, when appraising a similar Sears facility at a different mall, Fried had treated the store building and the auto center as an economic unit, even though at that location the two buildings were on separate parcels. The consistent treatment in valuing analogous properties by the expert appraiser justified the BTA in concluding that her opinion was supported by a viable theory of property value.

## CONCLUSION

{¶ 28} For the foregoing reasons, we reject the school board's arguments and we affirm the BTA's decision to adopt the appraisal valuation offered by the property owner.

Decision affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Karen H. Bauernschmidt Co., L.P.A., Karen H. Bauernschmidt, and Stephen M. Nowak, for appellee Sears, Roebuck & Co.

Rich & Gillis Law Group, L.L.C., and Mark Gillis, for appellant.

_____