[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Lutheran Social Servs. of Cent. Ohio Village Hous., Inc. v. Franklin Cty. Bd. of Revision,* Slip Opinion No. 2017-Ohio-900.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-900

LUTHERAN SOCIAL SERVICES OF CENTRAL OHIO VILLAGE HOUSING, INC., APPELLEE, *v.* FRANKLIN COUNTY BOARD OF REVISION ET AL., APPELLEES; SOUTH-WESTERN CITY SCHOOLS BOARD OF EDUCATION, APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Lutheran Social Servs. of Cent. Ohio Village Hous., Inc. v. Franklin Cty. Bd. of Revision,* Slip Opinion No. 2017-Ohio-900.]

*Taxation—Real-property valuation—Board of Tax Appeals must engage in sufficient discussion of the evidence to permit court on appeal to determine whether BTA acted reasonably and lawfully—BTA erred by adopting property owner's appraisal valuations without explicitly addressing negative appraisal review offered by board of education's appraiser—BTA erred by adopting appraisal valuation in the absence of a hearing record certified by the board of revision, without exercising its statutory power to recover the missing hearing record or otherwise adduce pertinent evidence—Cause remanded to BTA.*

(No. 2014-1032—Submitted January 10, 2017—Decided March 16, 2017.)

APPEAL from the Board of Tax Appeals, Nos. 2012-386 and 2012-387.

_____

**Per Curiam.**

{¶ 1} This appeal from the Board of Tax Appeals ("BTA") concerns the proper valuations for tax year 2008 of two government-subsidized housing complexes in Franklin County. For each complex, the Franklin County Board of Revision ("BOR") rejected the appraisal evidence that the property owner presented in support of a claimed reduction, but the BTA reversed and adopted the owner's appraisal valuations in a brief, cursory decision. The South-Western City Schools Board of Education ("BOE") appealed to this court, arguing that the appraisal evidence is not probative as a matter of law or, in the alternative, that the BTA erred by failing to consider the expert criticism of the appraisals presented by the BOE at the BTA hearing. We decline the BOE's invitation to determine the probative character of the appraisals, which is a matter that lies primarily within the discretion of the BTA. We do agree, however, that the BTA erred by failing to give any consideration to the contravening evidence presented by the BOE at the BTA hearing.

### The Subject Properties and the Assessments

{¶ 2} The first property at issue, Village Place, is a 44-unit apartment complex that is located on a 3.339-acre site. The second property at issue, Stratford Place, is a 46-unit apartment complex located on a 3.938-acre site. Both complexes were constructed in the early 2000s as federally subsidized housing developments for the elderly, and both were in good condition on the tax-lien date. For tax year 2008, an update year in Franklin County, the auditor valued Village Place at $1,250,000, and Stratford Place at $1,456,400.

**Course of Proceedings**

*1. The BOR*

{¶ 3} For each of the two properties, the property owner, appellee Lutheran Social Services of Central Ohio Village Housing, Inc. ("Lutheran Services"), filed a complaint challenging the auditor's 2008 valuations; in each case, the BOE filed a countercomplaint seeking retention of the auditor's values.

{¶ 4} In November and December 2011, the BOR held hearings at which Lutheran Services presented the appraisal reports and testimony of appraiser Donald Miller, a member of the Appraisal Institute. The BOR certified to the BTA compact discs containing audio recordings of the hearings, but the CD that should record the hearing on the Stratford Place property is blank. When it transmitted the CD to this court, the BTA included a note stating that the CD was blank, but the BTA's decision does not mention the defect in the record.

{¶ 5} Miller used an income approach and a sales-comparison approach to determine values for each property. In his income-approach analysis, for Village Place, Miller relied on six rent comparables, most built between 1961 and 1975, with one built in 1995; for Stratford Place, he relied on five rent comparables, all different from those he compared to Village Place, and all built between 1974 and 1989. Miller explained that because "[t]he subject receives HUD [federal low-income housing] subsidies," the "historic and in place rent is not considered to be indicative of market," and "[m]arket rent, market vacancy, and market operating expenses as of the date of valuation are used in accordance with appraisal practices and methodology to develop the value." For Village Place, Miller arrived at an income-approach valuation of $810,000, while for Stratford Place the valuation was $730,000.

{¶ 6} The sales-comparison analysis in each appraisal relied on the same five sales of apartment complexes. Notably, they were constructed in 1963, 1964, 1968, 1972, and 1973. This approach, after adjustments for differences in the

respective properties, arrived at a valuation of $780,000 for Village Place and $740,000 for Stratford Place. For each complex, Miller reconciled the two approaches by adopting the income-approach figure as the property value.

{¶ 7} In each case, the BOR decision adopted the auditor's original valuation: $1,250,000 for Village Place and $1,456,400 for Stratford Place. Lutheran Services appealed to the BTA.

### 2. *The BTA*

{¶ 8} At the consolidated BTA hearing, Lutheran Services relied on the appraisal reports and testimony presented to the BOR. The BOE presented the testimony of Thomas Sprout, who performed a review of both appraisals, criticizing several aspects of them. Although Sprout was neither formally stipulated to nor qualified as an expert through testimony, Lutheran Services did not object to his testimony, and Sprout has testified as an expert before the BTA on previous occasions, *see, e.g.*, *Westerville City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 146 Ohio St.3d 412, 2016-Ohio-1506, 57 N.E.3d 1126, ¶ 14.

{¶ 9} For both Village Place and Stratford Place, Sprout challenged the rent comparables in Miller's appraisal report. Sprout identified rent comparables that were closer in age to the subject properties and that indicated a higher rent for the subject properties than did the older rent comparables that Miller had selected. Sprout also opined that the capitalization rate used by Miller's income approach was above market.

{¶ 10} On May 23, 2014, the BTA issued a brief decision summarily adopting Miller's opinions of value. The BTA stated nothing more than the conclusory finding that the appraisals were probative. The BTA made no mention of Sprout's contrary testimony at the BTA hearing. The BOE appealed.

### Analysis

{¶ 11} The BOE's propositions of law may be distilled to two main points. First, the BOE argues that the BTA had the duty to consider and weigh the evidence

that Sprout presented that tended to contravene the appraisal reports and the testimony offered by the Lutheran Services. Second, the BOE contends that the appraisal reports are inherently devoid of probative value and that therefore, the BTA had to reject them and reinstate the auditor's original valuations. Although we reject the latter contention, we agree with the BOE on the first point, and we therefore vacate the BTA's decision and remand for further proceedings.

*1. The BTA must consider conflicting evidence when it adopts an appraiser's opinion of value*

**{¶ 12}** Although the BTA is not obliged to make formal findings of fact and conclusions of law, we have stated that the BTA must engage in sufficient discussion of the evidence to permit the court on appeal to determine whether the BTA acted reasonably and lawfully. *See HealthSouth Corp. v. Levin*, 121 Ohio St.3d 282, 2009-Ohio-584, 903 N.E.2d 1179, ¶ 34, citing *Howard v. Cuyahoga Cty. Bd. of Revision*, 37 Ohio St.3d 195, 197, 524 N.E.2d 887 (1988) ("This court is unable to perform its appellate duty when it does not know which facts the BTA selected in rendering its decision"). *Compare Sears, Roebuck & Co. v. Franklin Cty. Bd. of Revision*, 144 Ohio St.3d 421, 2015-Ohio-4522, 44 N.E.3d 274, ¶ 17. The *Sears, Roebuck* decision draws the distinction between "mere contentions" and conflicting evidence; the BTA's decision need not give explicit consideration to each and every argument raised against its conclusion, but it does need to consider and weigh conflicting evidence in the course of justifying its reliance on certain evidence as opposed to contravening evidence. *See id.* at ¶ 20.

**{¶ 13}** Under this case law, the BTA erred by adopting the appraisal valuations in this case without explicitly addressing the BTA testimony, in the nature of a negative appraisal review, offered by Sprout, the BOE's appraiser. We therefore vacate the BTA's decision and remand for further proceedings. On remand, the BTA should explicitly account for the evidence in reaching its determination of the values of the properties.

*2. The absence of the BOR record testimony in the Stratford Place appeal furnishes an additional reason to remand*

**{¶ 14}** In *Cannata v. Cuyahoga Cty. Bd. of Revision*, 147 Ohio St.3d 129, 2016-Ohio-1094, 62 N.E.3d 144, we remanded to the BTA for further proceedings in the context of the BTA's adoption of an appraisal valuation that the board of revision had rejected, when the board of revision had not certified the testimony at its hearing as part of the record to the BTA: "Here the reliable and probative character of the owner's appraisal was called into question by the fact that the BOR rejected it based upon a record that was not preserved and made available to the BTA." *Id.* at ¶ 20. Under the circumstances, the BTA had the duty to exercise its "ample statutory authority to address the problems presented." *Id.* at ¶ 21.

**{¶ 15}** As was true in *Cannata*, the BOE in this case actively participated below, advancing its arguments and objections against the owner's claims for reduced valuations. Under these circumstances, the BTA was not entitled assume that it would not encounter grounds for rejecting Miller's appraisal in the BOR record addressing the value of Stratford Place. Indeed, the BOR's rejection of that appraisal indicates that such grounds might be present in the record. Accordingly, it was unreasonable for the BTA to adopt the Stratford Place appraisal in this case in the absence of a hearing record certified by the BOR, without exercising its statutory power to recover the missing hearing record or otherwise adduce pertinent evidence.

*3. The Miller appraisals are appropriate for consideration, with due regard for Sprout's critique, in determining the values of the properties*

**{¶ 16}** The BOE also insists that the BTA, as a matter of law, had to reject the Miller appraisals as lacking probative value. The overriding objection is the alleged lack of comparability of the rent and sale comparables to the subject properties on account of age and amenities. In particular, the comparables lack the common spaces that presumably make the subject properties more valuable.

**{¶ 17}** But the determination of value is " 'a question of fact, the determination of which is primarily within the province of the taxing authorities.' " *Sapina v. Cuyahoga Cty. Bd. of Revision*, 136 Ohio St.3d 188, 2013-Ohio-3028, 992 N.E.2d 1117, ¶ 15, quoting *Cuyahoga Cty. Bd. of Revision v. Fodor*, 15 Ohio St.2d 52, 239 N.E.2d 25 (1968), syllabus. Moreover, "[t]he weighing of evidence and the assessment of credibility as regards both of the appraisals are the statutory job of the BTA." *EOP-BP Tower, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 106 Ohio St.3d 1, 2005-Ohio-3096, 829 N.E.2d 686, ¶ 9.

**{¶ 18}** We see nothing about Miller's appraisals that constitutes the kind of legal error that would, as a matter of law, make it inappropriate for the BTA to adopt Miller's opinions of value. *Compare Dublin City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 139 Ohio St.3d 212, 2014-Ohio-1940, 11 N.E.3d 222, ¶ 16-18 (appraisal valuing multiple condominiums as a single economic unit conflicted with R.C. 5311.11 and was inappropriate as a matter of law). In particular, Miller appears to have complied with our case law regarding the valuation of government-subsidized properties by using market rent and expenses in his income approach. *See Delhi Estates, Ltd. v. Hamilton Cty. Bd. of Revision*, 68 Ohio St.3d 192, 194, 625 N.E.2d 594 (1994) ("in valuing property involved in a government housing assistance program, in order to give due regard to market rent and current returns on mortgages and equities, we require that market or conventional rentals and expenses be utilized to the exclusion of contract or actual rentals and expenses"). As for the quality of his comparables and the propriety of his adjustments, that determination lies within the province of the BTA as the finder of fact. On remand, there is no impediment to the BTA again adopting the appraisal valuations so long as the BTA explains why Sprout's criticisms do not impugn the validity of doing so.

## Conclusion

**{¶ 19}** For the foregoing reasons, we vacate the decision of the BTA and remand for further proceedings consistent with this opinion.

Decision vacated

and cause remanded.

O'CONNOR, C.J., and KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

O'DONNELL, J., dissents and would affirm the decision of the Board of Tax Appeals.

_____

Timothy A. Pirtle, for appellee Lutheran Social Services of Central Ohio Village Housing, Inc.

Rich & Gillis Law Group, L.L.C., Mark Gillis, and Kimberly G. Allison, for appellant.

_____