**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *South-Western City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision,* **Slip Opinion No. 2017-Ohio-8384.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-8384

SOUTH-WESTERN CITY SCHOOL DISTRICT BOARD OF EDUCATION, APPELLANT,

*v.* FRANKLIN COUNTY BOARD OF REVISION ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *South-Western City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision,* Slip Opinion No. 2017-Ohio-8384.]**

*Taxation—Real-property valuation—Board of Tax Appeals failed to conduct independent review of the evidence to determine value of subject property— Decision reversed and cause remanded.*

(No. 2015-1191—Submitted August 29, 2017—Decided November 2, 2017.)

APPEAL from the Board of Tax Appeals, No. 2014-2259.

————————————

**KENNEDY, J.**

{¶ 1} In this appeal, appellant, Board of Education of the South-Western City School District ("BOE"), challenges a decision of the Board of Tax Appeals ("BTA") affirming the Franklin County Board of Revision's ("BOR's") reduced valuation of a residential property in the amount of $65,000 for tax year 2011. The

BOE argues that the BTA failed in its duty to independently evaluate the evidence to determine the value of the property. We agree and therefore vacate the BTA's decision and remand this matter to the BTA. Because this proposition of law is dispositive, we do not address the BOE's additional proposition of law.

**Factual Background**

{¶ 2} The property at issue is a two-story residential property located in Columbus, Ohio. The Franklin County auditor assigned a true value of $113,300 for tax year 2011. On April 2, 2012, the owner, appellee Nadia Ryumshin, filed a complaint seeking a reduction to $57,000, contending that home values in the area had declined. The BOE filed a countercomplaint seeking to retain the auditor's valuation.

{¶ 3} Ryumshin and counsel for the BOE appeared at the BOR hearing. In support of the requested reduction, Ryumshin presented comparable-sales documents that had been supplied by a real-estate agent, who did not appear at the hearing. Counsel for the BOE characterized many of Ryumshin's comparable sales as "HUD sales."

{¶ 4} Ryumshin's son spoke on her behalf at the hearing due to a language barrier. He indicated that relatives rented the property for $850 per month, which represents the sum of the mortgage, insurance, and tax payments on the property. The BOE did not submit any documentary evidence or present any witnesses.

{¶ 5} The BOR reduced the property's value to $65,000. In determining this value, the BOR did not limit itself to the evidence presented by Ryumshin. Instead, the BOR considered additional evidence it obtained after the hearing that it used to apply sales-comparison and income approaches to the valuation.

{¶ 6} The BOE appealed to the BTA, which held a hearing on January 7, 2015. Ryumshin, counsel for the BOE, and counsel for the BOR appeared.

{¶ 7} Christine Holdrieth, the supervisor of the auditor's appraisal department, testified at the hearing. She explained that she had represented the

2

auditor at the BOR hearing and had performed the bulk of the analysis for the BOR's sales-comparison and income approaches to the valuation.

{¶ 8} For the sales-comparison approach, Holdrieth explained that the BOR reviewed Ryumshin's comparable-sales documents prior to the hearing and then obtained and reviewed additional comparable sales after the hearing. Holdrieth stated that Ryumshin's comparable sales were questionable because they "were all low sales," and she explained that a broader spectrum of sales that better resembled the property therefore needed to be considered. The BOR neither shared the additional comparables with the parties nor included them in the record transmitted to the BTA because they were viewed electronically and not in paper form.

{¶ 9} For the income approach, Holdrieth explained that the process is a "simple mathematic[al]" exercise that involves multiplying the rental rate by the gross rent multiplier ("GRM"). The GRM data, which contains information pertaining to neighborhood-area rents and sales, is provided to the auditor's office by a contract appraisal company. The record transmitted to the BTA did not contain the GRM data. The BOE later obtained a document reflecting the GRM data relied on by the BOR, and it was entered into the BTA's record.

{¶ 10} Holdrieth explained that the BOR weighted its sales-comparison and income approaches in arriving at its $65,000 determination. The BOR did not consider one approach more reliable than the other. When Holdrieth was asked whether she could provide a specific calculation that would equal $65,000, she responded, "I can play math games all day. I could do division and make it come out to sixty-five and give you that which is totally irrelevant. It's an irrelevant value. But mathematically I can do it, sure."

{¶ 11} On June 22, 2015, the BTA issued its decision. Although the BTA admonished the BOR for failing to meet "its statutory duty to create and maintain a record capable of being reviewed on appeal, including the evidence relied upon to reach its decision," BTA No. 2014-2259, 2015 Ohio Tax LEXIS 2800, *5 (June

22, 2015), it upheld the BOR's determination of value as sufficiently supported by the record.

**{¶ 12}** The BOE has appealed.

**Analysis**

**{¶ 13}** In reviewing a BTA decision, we determine whether the decision is "reasonable and lawful." *Columbus City School Dist. Bd. of Edn. v. Zaino*, 90 Ohio St.3d 496, 497, 739 N.E.2d 783 (2000); R.C. 5717.04. The BTA is responsible for determining factual issues, but we " 'will not hesitate to reverse a BTA decision that is based on an incorrect legal conclusion.' " *Satullo v. Wilkins*, 111 Ohio St.3d 399, 2006-Ohio-5856, 856 N.E.2d 954, ¶ 14, quoting *Gahanna–Jefferson Local School Dist. Bd. of Edn. v. Zaino*, 93 Ohio St.3d 231, 232, 754 N.E.2d 789 (2001).

**{¶ 14}** In the present case, the BOE asserts that the BTA erred by failing to discharge its duty to base its decision on an independent weighing of the evidence. A decision of a county board of revision "should not be accorded a presumption of validity." *Colonial Village, Ltd. v. Washington Cty. Bd. of Revision*, 114 Ohio St.3d 493, 2007-Ohio-4641, 873 N.E.2d 298, ¶ 23. It is the duty of the BTA to " 'independently weigh and evaluate all evidence properly before it' " in arriving at its own decision. *Hilliard City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 128 Ohio St.3d 565, 2011-Ohio-2258, 949 N.E.2d 1, ¶ 17, quoting *Columbus Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 76 Ohio St.3d 13, 15, 665 N.E.2d 1098 (1996). This requires the BTA "to state what evidence it considered relevant in reaching its value determinations." *Howard v. Cuyahoga Cty. Bd. of Revision*, 37 Ohio St.3d 195, 197, 524 N.E.2d 887 (1988). "[T]he BTA must engage in sufficient discussion of the evidence to permit the court on appeal to determine whether the BTA acted reasonably and lawfully." *Lutheran Social Servs. of Cent. Ohio Village Hous., Inc. v. Franklin Cty. Bd. of Revision*, 150 Ohio St.3d 125, 2017-Ohio-900, 79 N.E.2d 541, ¶ 12.

**{¶ 15}** It is clear from the BTA's decision that it failed to conduct an independent review of the evidence to determine the value of the subject property. *See Vandalia-Butler City Schools Bd. of Edn. v. Montgomery Cty. Bd. of Revision*, 130 Ohio St.3d 291, 2011-Ohio-5078, 958 N.E.2d 131, ¶ 17-18 (inferring from the text of the BTA's decision its failure to independently review the evidence). Instead, the BTA merely deferred to the BOR, treating the BOR's assignment of value as presumptively valid.

**{¶ 16}** The BTA found that Ryumshin had demonstrated that the initial assessment of the property overstated its value, but it failed to explain why it was persuaded by Ryumshin's evidence. The BTA did not address the BOE's arguments that Ryumshin's comparables were not probative of the property's value and should be excluded as hearsay.

**{¶ 17}** In reviewing the BOR's value determination, the BTA stated merely, "[W]e find the adjustments effected by the BOR are sufficiently supported by the record." 2015 Ohio Tax LEXIS 2800 at *9. The BTA failed to address the BOE's substantive challenges to the BOR's application of the sales-comparison and income approaches.

**{¶ 18}** The BTA discussed Ryumshin's evidence and Holdrieth's testimony as a factual narrative; it did not analyze their evidentiary weight. The BTA's duty to independently evaluate the evidence is not discharged through a mere recitation of that evidence. *Vandalia-Butler City Schools*, 130 Ohio St.3d 291, 2011-Ohio-5078, 958 N.E.2d 131, at ¶ 17. The BTA's failure to independently weigh the evidence is perplexing in light of Holdrieth's response to the question whether she could provide specific calculations to reach the $65,000 value—that she could "play math games" to arrive at the BOR's value, which was an "irrelevant" valuation. We have held that the BTA acts appropriately in departing from the BOR's value when that value cannot be replicated. *Sapina v. Cuyahoga Cty. Bd. of Revision*, 136 Ohio St.3d 188, 2013-Ohio-3028, 992 N.E.2d 1117, ¶ 35. Here,

the BTA assigned a value that, according to Holdrieth, could be achieved only through artifice.

### Conclusion

{¶ 19} The BTA failed to independently evaluate the evidence to determine the value of the subject property. We therefore vacate the BTA's decision and remand this matter to the BTA for further proceedings consistent with this opinion.

Decision reversed

and cause remanded.

O'CONNOR, C.J., and FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

O'DONNELL, J., dissents, and would affirm the decision of the Board of Tax Appeals.

_____

Rich & Gillis Law Group, L.L.C., Mark H. Gillis, and Richelle L. Thoburn, for appellant.

_____