**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Mann v. Cuyahoga Cty. Bd. of Revision,* **Slip Opinion No. 2017-Ohio-8820.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-8820

MANN, APPELLANT, *v*. CUYAHOGA COUNTY BOARD OF REVISION ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Mann v. Cuyahoga Cty. Bd. of Revision,* Slip Opinion No. 2017-Ohio-8820.]**

*Taxation—Real-property valuation—Board of Tax Appeals failed to account for potentially material evidence of subject property's sale in November 2009—Decision vacated and cause remanded.*

(No. 2015-1432—Submitted September 26, 2017—Decided December 6, 2017.)

APPEAL from the Board of Tax Appeals, No. 2014-3407.

_____

**Per Curiam.**

{¶ 1} In this appeal, appellant, Sam Mann, challenges a decision by the Board of Tax Appeals ("BTA") denying his request to reduce the value of residential property he owned during the 2013 tax year. Mann presents eight propositions of law for our consideration. We conclude that the BTA erred in one respect—namely, by failing to account for potentially material evidence of the

property's sale in November 2009.  We accordingly vacate the BTA's decision and remand the case to the BTA for consideration of this evidence.

## FACTS AND PROCEDURAL BACKGROUND

{¶ 2} The subject property is located in Cleveland Heights and consists of a roughly .13-acre parcel improved with a single-family home.  For tax year 2013, Mann filed a complaint requesting that the Cuyahoga County Board of Revision ("BOR") reduce the fiscal officer's valuation from $88,600 to $6,000.

### BOR proceedings

{¶ 3} At the BOR hearing, Mann's counsel, arguing in support of the requested reduction, offered a list of comparable sales that he claimed the fiscal officer had relied on in performing the 2012 reappraisal.  The adjusted sales range from $66,200 to $129,300.  Counsel's presentation also included an August 2012 news article questioning the accuracy of the fiscal officer's appraisals in a Cleveland Heights neighborhood.

{¶ 4} According to his counsel, Mann and a business associate named Vladimir Victor would typically find properties marketed over the Internet and purchase them through "bank sales or HUD sales."  Counsel opined that the subject property was in "very bad" condition but acknowledged that his opinion was not based on firsthand knowledge.

{¶ 5} The BOR retained the fiscal officer's valuation.  The BOR's notes reflect its belief that neither Mann's evidence nor its own independent research justified a reduction in value.

### BTA proceedings

{¶ 6} At the BTA hearing, Mann presented testimony from Victor, who described some of the subject property's transfer history.  He stated that the property was once owned by "MD Fund [sic]," that it was sold in late 2009 or early 2010 for $6,000, and that Mann eventually acquired the property from "Gevaldig," an entity Mann owns.  Two quitclaim deeds contained in the record support this

testimony. One deed reflects that in November 2009, the property transferred from MDA Fund VIII, L.L.C., to Gevaldig Enterprises, L.L.C., for $6,000, and the other deed reflects that in March 2010, the property transferred from Gevaldig to Mann for $0.

{¶ 7} Victor testified that the property had not been inhabited since 2009, that the property suffered water damage in 2011, and that the damage was not repaired until around late 2013. Victor also stated that a neighboring property had sold for $10,000 near the end of 2013 and that it was in "much better shape" than the subject property; the BOR's own research shows that the neighboring property sold for $11,000 in November 2013. Victor also noted that homes in the area could be purchased for prices in the range of $6,000 to $10,000.

{¶ 8} On cross-examination, Victor testified that there were two mortgages on the subject property, in the amounts of $15,000 and $30,000. Counsel for the BOR and the fiscal officer (collectively, "the county") contended during closing argument that the collective mortgage value of $45,000 contradicted Mann's claim that the property was worth only $6,000.

{¶ 9} The BTA concluded that Mann had failed to meet his burden to adduce competent and probative evidence of value. First, the BTA found that the March 2010 transfer from Gevaldig to Mann was not a reliable indicator of value, because it was too remote from the 2013 tax-lien date and appeared to be between related parties. Second, the BTA found that Victor's testimony describing water damage did not warrant a value reduction, because there was no specific showing of how the damage impacted the property's value. The November 2009 transfer between MDA Fund and Gevaldig for $6,000 was not mentioned in the BTA's decision.

{¶ 10} Because the BTA found that Mann did not meet his burden and because the BTA concluded that there was inadequate evidence to independently

determine a value, it retained the fiscal officer's valuation. Mann then filed this appeal.

## DISCUSSION

{¶ 11} As "the party challenging the board of revision's decision at the BTA," Mann bore the "burden of proof to establish [his] proposed value as the value of the property." *Colonial Village, Ltd. v. Washington Cty. Bd. of Revision*, 123 Ohio St.3d 268, 2009-Ohio-4975, 915 N.E.2d 1196, ¶ 23; *see also W. Industries, Inc. v. Hamilton Cty. Bd. of Revision*, 170 Ohio St. 340, 342, 164 N.E.2d 741 (1960) ("The burden is on the taxpayer to prove his right to a deduction. He is not entitled to the deduction claimed merely because no evidence is adduced contra his claim"). To meet this burden, Mann was required to furnish "competent and probative evidence" of his proposed value. *EOP-BP Tower, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 106 Ohio St.3d 1, 2005-Ohio-3096, 829 N.E.2d 686, ¶ 6; *see also Moskowitz v. Cuyahoga Cty. Bd. of Revision*, 150 Ohio St.3d 69, 2017-Ohio-4002, 78 N.E.3d 870, ¶ 9 (collecting cases).

{¶ 12} Mann's contention on appeal is that he met his burden in large measure based *not* on the March 2010 transfer from Gevaldig to Mann for $0 but, rather, on the November 2009 transfer from MDA Fund to Gevaldig for $6,000. Under the version of R.C. 5713.03 that applies to tax year 2013, *see* 2012 Am.Sub.H.B. No. 487, a price from a recent arm's-length sale is not conclusive evidence of a property's value but it nevertheless "constitute[s] the best evidence of the property's value." *Terraza 8, L.L.C. v. Franklin Cty. Bd. of Revision*, 150 Ohio St.3d 527, 2017-Ohio-4415, 83 N.E.3d 916, ¶ 18, 39; *see also Buckeye Terminals, L.L.C. v. Franklin Cty. Bd. of Revision*, __ Ohio St.3d __, 2017-Ohio-7664, __ N.E.3d __, ¶ 15.

{¶ 13} In its decision below, the BTA evaluated the March 2010 transfer from Gevaldig to Mann for $0 and found that it was not a reliable indicator of value because it was too remote from the tax-lien date (not recent) and appeared to be

4

between related parties (not at arm's length). But the BTA ignored the earlier transfer from MDA Fund to Gevaldig in November 2009 for $6,000. In failing to account for this sale, the BTA defaulted in its duty to engage in a sufficient discussion of the evidence. *See Lutheran Social Servs. of Cent. Ohio Village Hous., Inc. v. Franklin Cty. Bd. of Revision*, 150 Ohio St.3d 125, 2017-Ohio-900, 79 N.E.3d 541, ¶ 12 ("we have stated that the BTA must engage in sufficient discussion of the evidence to permit the court on appeal to determine whether the BTA acted reasonably and lawfully").

{¶ 14} The BTA mentioned that "there was some discussion regarding a sale from a bank," but it then concluded that "the only evidence of a sale shows a transfer from Gevaldig * * * to * * * Mann." BTA No. 2014-3407, 2015 Ohio Tax LEXIS 3277, *12 (Aug. 3, 2015). Not so. First, at the BTA hearing, Victor testified about a transfer from MDA Fund to Gevaldig. Second, the record contains a quitclaim deed that memorializes a transfer from MDA Fund to Gevaldig. The deed is marked with stamps from the auditor's and the recorder's offices, both of which are dated November 2009. And the auditor's stamp shows that the property transferred for a consideration of $6,000. Moreover, at oral argument, the county's counsel stated that he did not dispute the basic facts associated with this sale.

{¶ 15} Because the record does not support, and indeed contradicts, the BTA's finding that the transfer from Gevaldig to Mann was the only sale supported by evidence in the record, we must set that finding aside. *E.g., Worthington City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 124 Ohio St.3d 27, 2009-Ohio-5932, 918 N.E.2d 972, ¶ 27 ("We have held that the BTA's findings must be supported by evidence; indeed, when the evidence does not support those findings, they must be set aside on appeal").

{¶ 16} At bottom, then, the BTA confronted a record containing evidence of a sale price that, if credited as meeting the elements of R.C. 5713.03 as amended by 2012 Am.Sub.H.B. No. 487, constituted the best evidence of value. Under the

case law, the BTA plainly had a duty to grapple with this evidence.[1] The BTA's failure to discharge this duty requires that we vacate its decision and remand for further proceedings. *See Lutheran Social Servs.*, 150 Ohio St.3d 125, 2017-Ohio-900, 79 N.E.3d 541, at ¶ 13 (vacating and remanding when the BTA failed to account for evidence that potentially undermined its determinations of value).

**{¶ 17}** In carrying out its task on remand, the BTA should "explicitly account" for the November 2009 sale in reaching its determination of value. *Id.* As in *Worthington*, "[w]e emphasize that we do not prejudge the outcome of the BTA's analysis on remand." *Worthington* at ¶ 35. The vintage of the November 2009 sale suggests that it would be appropriate to probe the question of recency. And we are also mindful that the county has asserted additional reasons for why the property is not worth $6,000. But ultimately, it is up to the BTA in the first instance, as the finder of fact, to evaluate the evidence of the November 2009 sale and its effect, if any, on the subject property's true value.

## CONCLUSION

**{¶ 18}** For the foregoing reasons, we vacate the BTA's decision and remand the case for further proceedings in accordance with this opinion. In light of this disposition, we do not address Mann's other propositions of law.

Decision vacated

and cause remanded.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

—————————————

J. Alex Morton, for appellant.

---

[1] While the parties did not put a spotlight on the evidence of the November 2009 sale, this is not a case that called for the BTA to search for the proverbial needle in a haystack. The record here is not voluminous, the sale was alluded to in Victor's testimony, and the deed memorializing this sale was included as an exhibit admitted by the BTA during its hearing.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Reno J. Oradini Jr., Assistant Prosecuting Attorney, for appellees.

_____